STATE *v.* HARDY JONES.

The opinion of an expert, as to cause of death, is competent evidence for the State.

MURDER, tried before *Clarke, J.,* at CRAVEN Superior Court, Fall Term, 1872.

Upon the trial, one Brown, a Justice of the Peace, testified that Hardy Jones, the prisoner, was arrested for larceny and brought before him as a Justice of the Peace; that he examined the case and ordered him to give bond, &c. The prisoner ran off and escaped. In the absence of a regular constable, Brown deputized one John M. Thorpe to arrest Hardy Jones. Hardy Jones came to Brown's house and Thorpe arrested him there. Thorpe called on Robert Miller and Henry Bennett to assist him, and they, with the prisoner, started for Newbern.

John M. Thorpe testified that on the way, Robert Miller said he wanted to get water, and put his gun down and got down to drink. Hardy Jones grabbed the gun and said, " Now, now, now," three times; Miller caught the gun ; Hardy Jones jerked it away, shot Robert Miller and ran off.

Doctor C. Duffy, Jr., testified that he saw Miller the day after he was wounded ; that the gunshot wound caused his death; that the arm/must have been bent and the gun in front. This evidence, as to the opinion of the physician, was objected to by prisoner's counsel but heard by the Court. Verdict, guilty. Rule, &c. Judgment and appeal.

*Haughton,* for appellant.
*Attorney General Hargrove,* contra.

READE, J. There was no exception to the charge of his Honor, which was clear, and in all respects just to the prisoner. And the record proper is sufficient in form and sub-

stance.  The only point made was as to the competency of the *opinion* of the physician who was examined for the State, as to the cause of the death of the deceased, and of his posture and position at the time he was shot.  It was not denied that the opinion was competent as to the cause of death, but it was insisted that it was incompetent as to the posture and position.  We suppose an expert might express an opinion of the posture and position from the range of the shot, and other circumstances; but, however that may be, it was in this case wholly immaterial and could not have done the prisoner injustice; and therefore it is no ground for a *venire de novo.*

There is no error.

This will be certified.

PER CURIAM.                                Judgment affirmed.