S. A. HODGIN v. NORTH CAROLINA PUBLIC SERVICE CORPORATION
AND R. G. LASSITER & COMPANY.

(Filed 14 April, 1920.)

1. **Negligence—Contributory Negligence—Evidence—Questions for Jury —Trials.**

Where there is evidence that a street car of the defendant street railway company negligently struck and injured a pedestrian along its track and injured him, and conflicting evidence as to whether he was in a place of safety and changed his position when it was too late for the defendant to have avoided the injury, a question of fact is presented upon the issue of contributory negligence for the determination of the jury.

2. **Same—Torts—Joint Tort Feasors.**

Where the injury complained of is that the plaintiff, a pedestrian, was negligently struck by a moving street car of the defendant, and thrown in front of the codefendant's heavily loaded truck, and received a greater injury, and there is conflicting evidence of the negligence of each defendant: *Held,* if the negligence of both defendants was established and the plaintiff was not guilty of contributory negligence, the defendants were joint feasors and jointly and severally liable.

3. **Negligence—Torts—Joint Tort Feasors—Instructions—Primary and Secondary Liability—New Trials—Appeal and Error.**

Where the evidence tends only to show that the two defendants sued for damages for negligence in inflicting a personal injury, were joint tort feasors, an instruction thereon relating to their primary and secondary liability is reversible error, but not requiring a new trial to be ordered when this issue may be stricken out without prejudice to the appellant.

APPEAL by both defendants from *Bryson, J.,* at October Term, 1919, of GUILFORD.

This was an action for personal injuries against the North Carolina Public Service Company and R. G. Lassiter & Company as joint tort feasors.

29—179

About noon on 13 March, 1917, the plaintiff was walking west on Spring Garden Street about three-quarters of a mile outside of the city limits of Greensboro. The road was straight and the view was unobstructed eastward behind the plaintiff, for 600 or 700 feet. Approaching him from the rear and going in the same westward direction was the street car of the defendant North Carolina Public Service Company, and about ten feet behind and in close proximity to it was the truck of the defendant Lassiter Company, loaded with three and a half tons of asphalt. The street was paved with asphalt and the plaintiff was walking along the concrete binder, on the north side of the street, which divides the street proper from the space used by the street car track which is unpaved. There was evidence that the street car was running some ten miles an hour and without warning or notice of any kind being given by the motorman operating the defendant street car, or from the chauffeur driving the truck of Lassiter & Company, they attempted to pass the plaintiff at almost the same time. The street car hit the plaintiff on his right shoulder and knocked him down in front of the oncoming truck, which struck his head, inflicting serious injuries. His face was badly cut and bruised, the tear duct of his eye was severed so that there is a continuous flow from it, and it is impossible for him to close it. His jaw was so injured that he has great difficulty to chew his food or to open his mouth, and his nervous system was greatly impaired from the shock.

The jury found on the issues submitted that:

1. The plaintiff was injured by the negligence of the defendant, the North Carolina Public Service Company, as alleged in the complaint.

2. That the plaintiff was injured by the negligence of the R. G. Lassiter Company, as alleged in the complaint.

3 and 4. That the plaintiff did not by his own negligence contribute to his injury inflicted by either company.

5. That the plaintiff sustained damages $2,500.

6. That the North Carolina Public Service Company is primarily liable.

From the judgment on the verdict both defendants appealed.

*Clifford Frazier, W. P. Bynum, and R. C. Strudwick for plaintiff.*

*Brooks, Sapp & Kelly for defendant North Carolina Public Service Company.*

*Parham & Lassiter and King & King for defendant R. G. Lassiter & Company.*

CLARK, C. J. The defendant Public Service Company contended that the defendant was in a place of safety until a few seconds prior to the

collision, and that when he changed his position it was too late for the motorman to avoid striking him. There was conflicting evidence on this point, and the jury found on the issues of fact that the defendant Public Service Company was guilty of negligence, and that the plaintiff did not contribute by his own negligence to the injury.

The defendant Lassiter & Company contended that the injury was caused by the street car company, and that when the plaintiff was knocked into the street it was too late for the driver of the truck of the defendant Lassiter & Company to avoid striking him, and contended that the plaintiff was guilty of contributory negligence by walking in the street until he could pass the obstruction. There was much evidence as to the facts concerning this, and as to the details of the occurrence itself, but these were matters for the jury, who have found in response to the issues that the defendant Lassiter & Company was guilty of negligence, and the plaintiff did not by his own negligence contribute to the injury sustained by him from the truck.

The plaintiff was struck by the street car as the jury found, by reason of the negligence of the motorman, and upon such findings the Public Service Company was liable. The injuries, however, sustained thereby were slight compared with those inflicted by Lassiter & Company's heavily laden truck, which the jury have found were caused by the negligence of the driver, it therefore was also liable.

There is evidence which the jury found to be true that both the motorman on the street car and the chauffeur of the truck saw the plaintiff walking on the binder dividing the roadway from that part of the road occupied by the street car track, and though seeing him thus hemmed in each party negligently struck him. Both defendants therefore are joint tort feasors, upon the findings of fact.

In *Gregg v. Wilmington,* 155 N. C., 18, where the city permitted its codefendant to pile upon the sidewalk bricks taken from a building being torn down, and the codefendant negligently piled the brick in such a manner as caused the alleged injury, the city was held not responsible in damages unless it permitted the continuance of the negligent act after it was fixed with notice thereof. In that case, it was held that the negligence was that of the codefendant, and the city was not responsible for its previous act in permitting the piling, which was within its discretion. In *Ridge v. High Point,* 176 N. C., 421, it was held that the city was not liable for an injury caused by its codefendant, because it allowed the latter to operate a street car line. In *Barnes v. R. R. and Express Co.,* 178 N. C., 265, it was held that where the wrongful death was caused by the express company, in the negligent loading of a heavy shaft which would not have produced the injury but for the concurrent negligence of the railroad company in moving the car while being loaded that the defendants were joint tort feasors.

The two cases first named are clearly distinguishable from the present, while the latter closely resembles it. The authorities are fully discussed in those three cases, and we need not repeat the discussion. On the findings of fact by the jury the injury was caused by the negligence of both defendants contributing thereto. They were joint tort feasors and jointly and severally liable. It was not a case presenting the question of primary and secondary liability, and the charge of the court upon the sixth issue was erroneous, but this does not require a new trial. That issue will be struck out, and the judgment will be modified in accordance with this opinion.

Modified and affirmed.

ALLEN, J., dissented from the ruling as to defendant Lassiter.