Civil action to recover damages for personal injuries.
The complaint alleges:
1. That on 30 August, 1934, about 8:15 p.m., Joe L. Atkins, Jr., was standing and riding on the left running board of an automobile traveling on Highway No. 75, near the town of Carthage, when the defendant H. N. Steed, driving a Chevrolet automobile in the opposite direction on said highway, negligently "drove said Chevrolet automobile against the left side of the automobile on which plaintiff was riding, thereby bruising and knocking the said Joe L. Atkins, Jr., off the running board of said automobile on the hard-surfaced highway several feet from the car on which he was riding."
2. That the defendant Gordon Brown was driving an automobile upon the highway just a short distance back of the car driven by H. N. Steed, and that "while the said Joe L. Atkins, Jr., was about the middle of said highway sitting or lying bleeding and in an unconscious condition from the blow which he had just previously received from the automobile of the defendant H. N. Steed," the said Gordon Brown negligently "drove his automobile onto and against the said Joe L. Atkins, Jr., with great force and violence, knocking, pushing, and dragging him over the hard-surfaced highway," etc. *Page 246 
3. That as a result of the "negligent acts of the defendants aforesaid," the plaintiff has been greatly injured, wherefore he prays, etc.
Separate demurrers interposed by the defendants on grounds of misjoinder of parties and causes of action. Demurrer overruled; exceptions.
The defendants appeal, assigning errors.
The plaintiff has sued for two injuries, not one. He declares on different causes of action against different parties. He incorporates these in the same complaint. The pleading is bad as against a demurrer. Lucas v.Bank, 206 N.C. 909, 174 S.E. 301; Grady v. Warren, 201 N.C. 693,161 S.E. 319; Shuford v. Yarbrough, 198 N.C. 5, 150 S.E. 618; Bank v.Angelo, 193 N.C. 576, 137 S.E. 705; Rose v. Warehouse Co., 182 N.C. 107,108 S.E. 389; Roberts v. Mfg. Co., 181 N.C. 204, 106 S.E. 664.
Where dual misjoinders occur of both parties and causes of action, and a demurrer is accordingly interposed, the decisions are to the effect that the demurrer should be sustained and the action dismissed. Lucas v. Bank,supra.
The case of Hodgin v. Public Service Corp., 179 N.C. 449,102 S.E. 748, cited and relied upon by plaintiff, is not in point, or controlling, as no demurrer was interposed in that case, and the question now presented was not discussed.
Reversed.