E. E. WEST, ADMINISTRATOR OF OLIVER WEST, DECEASED, v. COLLINS BAKING COMPANY, CECIL POPE, AND O. V. PRESSLEY.

(Filed 9 October, 1935.)

**1. Evidence E e—**

Where the material allegations of a paragraph of the complaint are admitted in the answers, defendants' exception to the admission of the paragraph in evidence cannot be sustained.

**2. Master and Servant D b—**

An admission that on the day of the accident one of defendants was an employee of his codefendant, and as such employee was authorized and directed from time to time to drive defendant employer's truck, is evidence tending to show that at the time of the injury in suit the employee was driving the truck within the scope of his employment.

**3. Negligence D c—**

Where there is evidence tending to show that plaintiff's intestate was injured as a result of defendants' negligence, and no evidence of contributory negligence, defendants' exception to the refusal to grant their motions for judgment as of nonsuit cannot be sustained.

**4. Torts B a—Evidence held to show that intestate's injuries resulted from joint negligence of defendants.**

Evidence that plaintiff's intestate was struck and injured by a car driven by one of defendants, and that as he was attempting to rise from the pavement where he had been knocked by the impact, he was struck and injured by a truck driven by another defendant in the course of his employment by the third defendant, and that the negligence of the drivers of both cars caused the respective accidents, and that intestate died from the injuries thus inflicted, *is held* to show that the proximate cause of the injuries was the joint and concurrent negligence of defendants, and the doctrine of intervening negligence has no application.

APPEAL by defendants from *Warlick, J.,* at April Term, 1935, of BUNCOMBE. Affirmed.

This is an action to recover damages for the death of plaintiff's intestate, who, while he was crossing a street in the city of Asheville, was struck, knocked down, and injured by an automobile driven by the defendant O. V. Pressley. After he was knocked down and injured, and while he was attempting to rise, plaintiff's intestate was struck and injured by a truck owned by the defendant Collins Baking Company, and driven by the defendant Cecil Pope. The truck driven by the defendant Cecil Pope was following immediately behind the automobile driven by the defendant O. V. Pressley, and both the truck and the automobile were being driven on said street, approaching an intersection, at an excessive rate of speed, at the time they struck and injured plaintiff's intestate. He died in a hospital in the city of Asheville shortly after he was injured. His death was the result of his injuries.

The action was begun and tried in the general county court of Buncombe County.

The issues arising upon the pleadings were submitted to the jury and answered as follows:

"1. Was the plaintiff's intestate, Oliver West, injured and killed by reason of the negligence of the Collins Baking Company, as alleged in the answer? Answer: 'Yes.'

"2. Was the plaintiff's intestate, Oliver West, injured and killed by reason of the negligence of Cecil Pope, as alleged in the complaint? Answer: 'Yes.'

"3. Was the plaintiff's intestate, Oliver West, injured and killed by reason of the negligence of the defendant O. V. Pressley, as alleged in the answers of his codefendants? Answer: 'Yes.'

WEST *v.* BAKING Co.

"4. Did the plaintiff's intestate, Oliver West, by reason of his own negligence contribute to his injury and death, as alleged in the answers? Answer: 'No.'

"5. What damages, if any, is the plaintiff entitled to recover? Answer: '$6,250.' "

From judgment that plaintiff recover of the defendants, jointly and severally, the sum of $6,250, with interest and costs, the defendants appealed to the Superior Court of Buncombe County, assigning errors in the trial.

At the hearing of defendants' appeal by the judge of the Superior Court, each and all of their assignments of error were overruled, and the judgment of the general county court was affirmed.

The defendants appealed to the Supreme Court, assigning as errors the rulings of the judge of the Superior Court overruling their assignments of error on their appeal from the judgment of the general county court.

*George F. Meadows and Jones & Ward for plaintiff.*
*Johnston & Horner for defendant Collins Baking Company.*
*Sanford W. Brown for defendant Cecil Pope.*
*O. K. Bennett for defendant O. V. Pressley.*

CONNOR, J. On their appeal to this Court, the defendants contend that there was error in the·refusal of the judge of the Superior Court to sustain their exception to the admission of a paragraph of the complaint at the trial in the general county court as evidence. The material allegations of the paragraph are admitted in the answers. For this reason the contentions of the defendants cannot be sustained.

The admission in the answer that on the day plaintiff's intestate was injured by the truck which was owned by the defendant Collins Baking Company, and driven by the defendant Cecil Pope, the defendant Cecil Pope was an employee of his codefendant, and as such employee was authorized and directed from time to time to drive said truck, was evidence tending to show that at the time plaintiff's intestate was injured, the defendant Cecil Pope was driving the truck within the scope of his employment. See *Jeffrey v. Mfg. Co.,* 197 N. C., 724, 150 S. E., 503.

The defendants further contend that there was error in the refusal of the judge of the Superior Court to sustain their exception to the refusal of the general county court to allow their motion for judgment as of nonsuit at the close of all the evidence. There was evidence at the trial in the general county court tending to show that plaintiff's intestate was killed by the negligence of the defendant. There was no evidence tending to show that plaintiff's intestate by his own negligence contributed to his injuries which resulted in his death. For this reason, the contention

of the defendants cannot be sustained. There was no error in the refusal of the trial court to allow defendants' motion for judgment as of nonsuit.

The principle applied in *Hinnant v. R. R.,* 202 N. C., 489, 163 S. E., 555, and in *Ballinger v. Thomas,* 195 N. C., 517, 142 S. E., 761, that when two defendants have been negligent, but the negligence of one is insulated by the negligence of the other, which is the sole proximate cause of the injury suffered by the plaintiff, the former is not liable to the plaintiff for damages resulting from the injury, is not applicable to the facts shown by all the evidence at the trial of the instant case. Here, all the evidence shows that the proximate cause of the injuries which resulted in the death of plaintiff's intestate, was the joint and concurrent negligence of the defendants. For this reason the defendants are jointly liable to the plaintiff, on the principle stated in *White v. Carolina Realty Company,* 182 N. C., 536, 109 S. E., 564, and applied in *Myers v. Southern Public Utilities Co., ante,* 293 (295), 180 S. E., 695, as follows: "Where an injury to a third person is proximately caused by the negligence of two persons, to whatever degree each may have contributed to the result, the negligence of one may not exonerate the other, each being a joint *tort-feasor,* and the person so injured may maintain his action for damages against one or both."

As neither of the assignments of error on this appeal can be sustained, the judgment is

Affirmed.