ANNA PEARL HESTER, ADMINISTRATRIX, v. HORTON MOTOR LINES ET AL.

(Filed 31 May, 1941.)

**1. Automobiles § 18d:  Torts § 4—**

Where a passenger in a car is thrown therefrom to the hard surface by the negligent act of the driver, and while lying prone on the highway, is run over by a truck, through negligence of the truck driver in failing to avoid striking her, and the passenger dies of the injuries thus inflicted, both drivers are liable as joint *tort-feasors*. In the instant case evidence of negligence on the part of the driver of the car in which intestate was riding *is held* sufficient to have been submitted to the jury, but a new trial is awarded on the appeal of the truck driver and his employer for the exclusion of expert opinion evidence that intestate was not struck or run over by the truck.

**2. Judgments § 33d:  Damages § 1—**

Where the driver of a car is convicted of manslaughter in causing the death of a passenger therein, and sentence is suspended on condition that he pay a stipulated sum to the mother of the deceased passenger, payments made in the criminal prosecution will not support a plea of estoppel in an action by the administratrix of the deceased passenger to recover for wrongful death, credit on the verdict for the amount paid in the criminal prosecution being the most to which he is entitled.

**3. Evidence §§ 18, 42d—**

While the testimony by an officer of a truck driver's narration of how the accident occurred, made by the driver on the second day after the accident, is incompetent as substantive evidence against the truck driver's employer, sought to be held under the doctrine of *respondeat superior*, and as against a third defendant, sought to be held as a joint *tort-feasor*, when the truck driver goes upon the stand and gives in substance the same testimony, testimony of the narration becomes competent for the purpose of corroboration, and an exception entered by the third defendant cannot be sustained.

**4. Evidence § 48b:  Death § 7—Exclusion of expert opinion evidence as to the cause of death held error.**

In this action for wrongful death, plaintiff administratrix contended that her intestate, while riding as a passenger in an automobile, was thrown therefrom by the negligent act of the driver, and that while intestate was prone on the highway she was negligently run over by a truck.

The truck driver and his employer, sought to be held liable under the doctrine of *respondeat superior*, tendered an expert medical witness, who had attended intestate prior to her death and who had examined the injuries found upon her body, who would have testified to the effect that deceased's death was caused by her striking the concrete when she was thrown from the car, and that none of the wounds were caused by a truck striking or passing over her body. *Held:* The substance of the proposed expert testimony was competent and its exclusion constitutes prejudicial and reversible error.

APPEAL by defendants from *Nettles, J.,* at October Term, 1940, of GUILFORD.

Civil action to recover damages for the death of plaintiff's intestate alleged to have been caused by the negligence, default, or wrongful acts of the defendants.

At an early hour on the morning of 6 June, 1939, Mildred Hester, a girl sixteen years of age, was riding in a Ford coupe with Herbert Coleman driving and D. F. Campbell sitting on her right, when the car crashed into the side railing of White Oak Bridge over Buffalo Creek on Summit Avenue in the city of Greensboro, throwing Campbell and plaintiff's intestate out of the car and upon the hard-surfaced highway in front of an on-coming truck owned by the Horton Motor Lines, Inc., and driven at the time by H. L. Helms. The young girl was taken to the hospital and died shortly thereafter from the injuries she sustained.

As a consequence, Herbert Coleman was indicted and convicted of manslaughter. He was given a suspended sentence on condition that he pay to the mother of the deceased the sum of $1,500.

Thereafter, this action was instituted by the young girl's mother as administratrix of her estate. The plaintiff alleges that her intestate's death was caused by the wrongful acts of the driver of the car in which she was riding and the driver of the truck. She seeks to hold the corporate defendant on the principle of *respondeat superior.*

The corporate defendant and the driver of the truck disclaim any injury to plaintiff's intestate on their part, as they contend her body was not run over or hit by the truck.

The defendant Coleman says the crash was the result of a blow-out, an accident, and he pleads the judgment in the criminal prosecution as a bar or an estoppel.

Upon denial of liability and issues joined, the jury returned the following verdict:

"1. Was the plaintiff's intestate injured and killed by the negligence of H. L. Helms and Horton Motor Lines, Inc., as alleged in the complaint? Answer: 'Yes.'

"2. Was the plaintiff's intestate injured and killed by the negligence of Herbert Coleman, as alleged in the complaint? Answer: 'Yes.'

"3. Did the plaintiff's intestate, by her own negligence, contribute to her injury and death, as alleged in the answer? Answer: 'No.'

"4. What amount of damages, if any, is the plaintiff entitled to recover? Answer: '$6,570.00
                                    1,500.00
                                    _____

                                    $5,070.00.' "

From judgment on the verdict, the defendants appeal, assigning errors.

*Frazier & Frazier and Robert A. Merritt for plaintiff, appellee.*
*Sapp, Sapp & Atkinson for defendants, Motor Lines and Helms, appellants.*
*J. O. Atkinson, Jr., for defendant, Coleman, appellant.*

STACY, C. J. The instant case is controlled by the principles announced in *Lewis v. Hunter,* 212 N. C., 504, 193 S. E., 814, and *West v. Baking Co.,* 208 N. C., 526, 181 S. E., 551.

### APPEAL OF HERBERT COLEMAN.

The record discloses a clear case of negligence on the part of the driver of the Ford coupe in which plaintiff's intestate was riding at the time of her injuries. He and his companions had spent a night out, riding around town, drinking, etc. It ended in tragedy. Coleman's contention that his car struck the side of the bridge as a result of a blowout was not accepted by the jury.

The defendant's plea of estoppel by reason of the payments made in the criminal prosecution was properly overruled. *Meacham v. Larus & Bros. Co.,* 212 N. C., 646, 194 S. E., 99; *LeRoy v. Steamboat Co.,* 165 N. C., 109, 80 S. E., 984. The matters here litigated were not involved in that action, nor were they there asserted, either in the right now claimed or otherwise. *Gillam v. Edmonson,* 154 N. C., 127, 69 S. E., 924. The jury has credited him with all payments made in the criminal prosecution, and this is as much as he can expect in the present action. *Holland v. Utilities Co.,* 208 N. C., 289, 180 S. E., 592; 24 C. J. S., 1260.

There is one exception which the defendants stress with confidence. It deserves to be noticed. On the second day after the injury a traffic officer of the city of Greensboro, F. B. Money, took the defendant Helms, the driver of the truck, to the scene of the wreck and there had Helms describe the situation and point out to him how it all happened. Over objection, Money was permitted to relate on the witness stand what Helms had said to him about the accident and how it occurred. It is readily conceded that at the time this evidence was offered, it was competent only as against the defendant Helms, and was not competent as

against his employer or the other defendant. *Parrish v. Mfg. Co.,* 211 N. C., 7, 188 S. E., 817. What an agent or employee says after an event, merely narrative of the past occurrence, is generally regarded as hearsay and is not competent as substantive evidence against the principal or employer. *Hubbard v. R. R.,* 203 N. C., 675, 166 S. E., 802. It appears, however, that the defendant Helms later took the witness stand and gave in substance the same testimony. This made the evidence of officer Money competent in corroboration, and rendered the prior exception feckless.

The impression is gained from a careful perusal of the remaining exceptions that the verdict and judgment should be upheld as against the defendant Coleman. It would serve no useful purpose to consider the assignments in detail or *seriatim,* as they only call for the application of familiar principles. They are not sustained.

APPEAL OF HORTON MOTOR LINES, INC., AND H. L. HELMS.

The appeal of the driver of the truck and his employer presents a different case from that of the defendant Coleman. Helms testified that he passed the scene of the wreck without striking the body of the injured girl as it lay prone upon the pavement and that he stopped immediately thereafter and returned to render assistance. The plaintiff contends that the truck ran over the deceased and hastened her death. Helms was not permitted to testify that, in his opinion, if the loaded truck, weighing 37,500 pounds, had passed over any part of the body of the deceased "she would have been crushed or smashed." Whereupon the defendants called Dr. A. J. Tannenbaum, a medical expert, who saw the deceased and attended her before her death. He proffered the opinion that, from a professional examination of the injuries found upon the body of the deceased—considering the nature, condition and position of the wounds—none of them was caused by a truck striking or passing over her body. This evidence was excluded. True, he was allowed to say that in his opinion the injuries found upon the body of the deceased came from her striking the concrete when she was thrown from the car, but under the decisions in *George v. R. R.,* 215 N. C., 773, 3 S. E. (2d), 286, and *McManus v. R. R.,* 174 N. C., 735, 94 S. E., 455, it would seem that this witness, who proposed to speak as an expert and from a professional and personal examination of the body of the deceased, was competent to give in substance the evidence sought to be elicited. It apparently comes within the purview of expert, opinion evidence. *Ferebee v. R. R.,* 167 N. C., 290, 83 S. E., 360; *Parrish v. R. R.,* 146 N. C., 125, 59 S. E., 348; *S. v. Jones,* 68 N. C., 443. The materiality of the evidence is not questioned. It goes to the heart of the case so far as the corporate

defendant and the driver of the truck are concerned. Its exclusion entitles them to a new trial.

On appeal of Herbert Coleman,

No error.

On appeal of Horton Motor Lines, Inc., and H. L. Helms,

New trial.