RUTH N. BARBER v. LULA M. WOOTEN, ADMX., ET AL.

(Filed 19 September, 1951.)

1. **Negligence § 6: Torts § 4: Automobiles § 18d: Pleadings § 19b—Drivers successively hitting plaintiff's car may be held liable as joint tort-feasors.**

   A complaint alleging that immediately after a collision caused by the negligence of the intestate of one defendant, and while plaintiff was injured and unable to extricate herself from the car in which she was riding, another defendant negligently ran his truck into the rear of her car causing further injury, and that shortly thereafter the third defendant ran into the side of the car in which she was riding as it was standing immobilized sidewise on the road, causing further injuries to plaintiff, and that the defendants were jointly, concurrently and successively negligent in proximately causing plaintiff's injuries, *is held* good as against demurrer for misjoinder of parties and causes, since the complaint alleges a sequence of events which successively, concurrently and jointly produced plaintiff's injuries, for which defendants may be held liable as joint tort-feasors.

2. **Negligence § 6: Torts § 4—**

   Where the acts or omissions of persons operating independently of each other join and concur in proximately producing the injury complained of, even though originating from separate and distinct sources, the author of each is liable for the resulting injury, and action may be brought against any one or all as joint tort-feasors.

3. **Pleadings § 19b—**

   On demurrer the case will be taken as made by the complaint.

4. **Torts § 6—**

   The rights of defendants as against the plaintiff or as among themselves is not presented by demurrer to the complaint when not appearing on the face thereof. G.S. 1-240.

BARNHILL, J., concurring.

This opinion was written in accordance with the Court's decision and filed by order of the Court after *Chief Justice Stacy's* death.

VALENTINE, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Morris, J.,* January Term, 1951, PASQUO-TANK—from CAMDEN.

Civil action to recover damages for personal injuries alleged to have been successively inflicted by the joint and concurrent negligence of the defendants.

The complaint alleges:

1. That on 9 April, 1950, the plaintiff was a passenger in a Ford Sedan being operated by Connell McHorney southwardly on Highway 170 in Currituck County in a careful and prudent manner; that another Ford Sedan traveling in the opposite direction and being operated by W. M. Wooten, intestate of the defendant, Lula M. Wooten, Administratrix, carelessly and negligently ran head-on into the McHorney car "and set into sequence a chain of events . . . which proximately resulted in injuries to the plaintiff."

2. That immediately following the collision as above described and while plaintiff was in a seriously injured condition and unable to extricate herself, the defendant, Adam Layden, driving a Dodge pick-up truck, negligently ran his truck into the rear of the McHorney car, knocked it sidewise on the road, and successively and concurrently with the negligence of the driver of the Wooten car inflicted further serious injury to the plaintiff, which, together with the negligence of the defendant, Clyde C. Scaff, hereinafter set forth, proximately resulted in serious and permanent injuries to the plaintiff.

3. That shortly following the Layden collision and while the McHorney car was immobilized in a sidewise position on the right-hand side of the road going south, and with the plaintiff therein in a seriously injured condition, the defendant Scaff driving a 1949 Ford convertible southwardly along said highway, negligently ran into the side of the McHorney car in which plaintiff was helplessly situate, producing further bodily injuries upon her, which, together with the injuries imposed by the two previous drivers, resulted in serious and permanent injuries to the plaintiff.

4. That the defendants were jointly, concurrently and successively negligent in proximately causing the injuries to the plaintiff, wherefore she demands damages.

Separate demurrers were interposed by the defendants for dual misjoinder of parties and causes of action. Demurrers overruled; exception.

The defendants appeal, assigning errors.

*McMullan & Aydlett for plaintiff, appellee.*
*Frank B. Aycock, Jr., for defendant Wooten, appellant.*
*J. Henry LeRoy for defendant Layden, appellant.*
*John H. Hall for defendant Scaff, appellant.*

STACY, C. J.    The case is controlled by what was said in *Hester v. Motor Lines,* 219 N.C. 743, 14 S.E. 2d 794; *Lewis v. Hunter,* 212 N.C. 504, 193 S.E. 814; *West v. Baking Co.,* 208 N.C. 526, 181 S.E. 551. It will be noted the complaint alleges a sequence of events which successively, concurrently and jointly produced the plaintiff's injuries. The defendants are sought to be held liable as joint tort-feasors. *Levins v. Vigne,* 339 Mo. 660, 98 S.W. 2d 737, and 4 Blashfield, Sec. 2552. The plaintiff alleges successive, joint and concurrent torts which in their cumulative effect produced her injuries.

There may be two or more proximate causes of an injury. These may originate from separate and distinct sources or agencies operating independently of each other, yet if they join and concur in producing the result complained of, the author of each cause would be liable for the damages inflicted, and action may be brought against any one or all as joint tort-feasors. *White v. Carolina Realty Co.,* 182 N.C. 536, 109 S.E. 564.

The defendants, on the other hand, take the position that the negligence of Wooten came to an end before the Layden truck struck the McHorney car and that the negligence of both Wooten and Layden had spent themselves before the Scaff car came upon the scene, and that, therefore, the negligence of each defendant was separate and distinct from the negligence of the others, resulting in three separate and distinct injuries and giving rise to three separate and distinct causes of action against three separate and disconnected defendants. This was the theory of the decision in *Atkins v. Steed et al.,* 208 N.C. 245, 179 S.E. 889, cited by appellants, where no allegation of joint or concurrent negligence was made. True, the plaintiff there asked for a "joint" recovery, but not on the ground of successive, joint and concurrent torts as here. On demurrer we take the case as made by the complaint.

The rights of the defendants as against the plaintiff or as among themselves would not arise on demurrer unless made to appear on the face of the complaint, which is not the case here. G.S. 1-240; *Whiteman v. Transportation Co.,* 231 N.C. 701, 58 S.E. 2d 752; *Tarkington v. Printing Co.,* 230 N.C. 354, 53 S.E. 2d 269; *Butner v. Spease,* 217 N.C. 82, 6 S.E. 2d 808.

The complaint appears sufficient to withstand the demurrers.

Affirmed.

NOTE: This opinion was written in accordance with the Court's decision and filed by order of the Court after *Chief Justice Stacy's* death.

VALENTINE, J., took no part in the consideration or decision of this case.

BARNHILL, J., concurring: It does not appear on the face of the complaint that there was any appreciable interval of time between the three collisions. Hence, the question defendants seek to raise is not presented by the demurrer. *Hodgin v. Public Service Corporation,* 179 N.C. 449, 102 S.E. 748; *Hester v. Motor Lines,* 219 N.C. 743, 14 S.E. 2d 794; *cf. Shaw v. Barnard,* 229 N.C. 713, 51 S.E. 2d 295. The opinions in the wrongful death cases arising out of the same accidents, this day filed, are clearly in accord with our decisions to which we adhere.