GERALD R. HAMRICK v. WRAY BEAM

No. 7327SC798

(Filed 14 November 1973)

Compromise and Settlement § 1; Judgments § 44— restitution ordered in criminal case — no bar to civil action

Civil action to recover compensatory and punitive damages for personal injuries resulting from an assault made upon plaintiff by defendant was not barred by defendant's payment to plaintiff of restitution for loss of earnings and medical expenses pursuant to an order of the district court in a criminal trial of defendant for the assault where the district court's order was not the result of a settlement agreement between the parties, defendant being entitled only to credit for the payment previously made by him.

ON *certiorari* to review an order of *McLean, Judge,* entered at the 21 May 1973 Session of Superior Court held in CLEVELAND County.

Civil action to recover compensatory and punitive damages for personal injuries resulting from an assault made upon plaintiff by defendant. Plaintiff alleged and defendant denied that the assault was willful and malicious and caused permanent injuries. As a further defense, defendant alleged that he struck plaintiff with his fist after plaintiff used profane language toward's defendant's son and that plaintiff had been fully paid for damage received by him.

At the trial plaintiff testified as to the assault, which occurred while he was engaged in the duties of his employment, and as to the severity and permanent nature of his injuries. During cross-examination of the plaintiff, the following facts were made to appear: Prior to the commencement of this civil action, defendant had been charged in a criminal proceeding with the offense of assault inflicting serious injury, the assault being the same assault which is the subject of this civil action. He pled not guilty, was found guilty by the District Judge, and prayer for judgment was continued for five years. In the order orginally entered continuing prayer for judgment, the District

Judge ordered defendant to make restitution to plaintiff for loss of earnings and for medical expenses "not covered by Workmen's Compensation or other insurance." Subsequently, the District Judge amended the order to find "the amount of restitution to be paid to the prosecuting witness is $231.54," and ordered defendant to pay that sum to the clerk of court to be disbursed to plaintiff. Defendant complied with this order, and plaintiff received payment of $231.54 from the clerk on 22 May 1972. During these proceedings in the District Court, plaintiff was not represented by counsel. He thereafter employed counsel who represented him in bringing the present civil action.

Upon learning of the foregoing facts, the trial court expressed the view that "when the criminal court orders you to pay damages, that ends your lawsuit," and on its own motion entered an order concluding as a matter of law that "the plaintiff's action was barred by the defendant paying damages as ordered by the General Court of Justice, Criminal District Court Division for the County of Cleveland," and ordered this action dismissed. From this order, plaintiff appealed. To permit perfection of the appeal, this Court subsequently granted plaintiff's petition for writ of certiorari.

*Michael S. Kennedy for plaintiff appellant.*

*C. A. Horn for defendant appellee.*

PARKER, Judge.

The order appealed from is in error. The civil liability for a tort which also constitutes a crime may, of course, be compromised and settled just as any other unliquidated claim. A binding settlement of such a claim may result from negotiations or actions taken during the course of criminal proceedings, and the terms of such a binding settlement may be embodied in the judgment entered in the criminal case. *Jenkins v. Fields,* 240 N.C. 776, 83 S.E. 2d 908, an appeal from rulings on the pleadings, exemplifies such a case. Such is not the present case.

Nothing in the record before us suggests that when the defendant paid the $231.54 into court, as he had been ordered by the District Judge, or when the plaintiff received said sum from the clerk, either party thought plaintiff's claim was being settled. Even months later, after the present civil action had been brought, defendant did not plead an accord and satisfac-

tion, but pled only that plaintiff "has been fully paid for damage received by him." This would indicate that defendant considered the prior payment as relieving him of liability, not because it was made pursuant to a binding compromise settlement, but because it represented compensation commensurate with plaintiff's injuries. The District Court in the criminal proceeding had no power, absent plaintiff's consent, to adjudicate finally his civil claim, and nothing in the present record suggests that the District Judge even thought that he was doing so. Defendant did not plead *res judicata,* estoppel, or, as above noted, accord and satisfaction, all of which are affirmative defenses. G.S. 1A-1, Rule 8. Indeed, a reading of the record in this case leaves the strong impression that defendant's counsel, no less than plaintiff's, was caught by surprise by the trial court's ruling dismissing plaintiff's action.

So far as the record in this case discloses, the matters sought to be litigated in the present action were simply not negotiated, adjudicated, or in any other way finally determined by anything which occurred in or as a result of the criminal prosecution. Defendant is, of course, entitled to credit for the payment previously made by him, *Hester v. Motor Lines,* 219 N.C. 743, 14 S.E. 2d 794, but on the present record that payment did not finally dispose of his potential civil liability to the plaintiff.

The order appealed from is reversed and this case is remanded to the Superior Court for trial.

Reversed and remanded.

Judges BRITT and BALEY concur.