MRS. GERALDINE P. NIVENS, JR., WIDOW OF WILLIAM B. NIVENS, DECEASED, EMPLOYEE, PLAINTIFF v. FIRESTONE TIRE & RUBBER COMPANY, EMPLOYER; LIBERTY MUTUAL INSURANCE COMPANY, CARRIER; DEFENDANTS

No. 7427IC593

(Filed 5 February 1975)

Master and Servant § 89— workmen's compensation death benefits — amounts received from tortfeasor under terms of suspended sentence — credit on benefits payable

Where the employer had filed a written admission of liability for workmen's compensation benefits for the death of an employee by shooting, and a judgment suspending a prison sentence imposed on the tortfeasor for voluntary manslaughter recited that defendant had deeded his homeplace to the employee's widow as payment on damages and ordered that the tortfeasor pay an additional sum of $2,500 to the widow, the value of the real estate conveyed and the cash payment constitute amounts obtained by the widow "by settle-

ment with . . . or *otherwise*" from the third party tortfeasor by reason of her husband's death within the purview of G.S. 97-10.2(f), and the employer and its insurance carrier are entitled to credit for such amounts upon the benefits they are obligated to pay.

Chief Judge BROCK dissenting.

APPEAL by plaintiff from opinion and award of the North Carolina Industrial Commission filed 15 March 1974 in Docket E-8247.

Plaintiff is the surviving spouse and sole dependent of the deceased employee, William B. Nivens, who was shot and killed on 20 April 1972 by one Dewey Rimmer. The shooting occurred in an incident which arose out of and in the course of Nivens's employment. Defendants are Nivens's employer and its workmen's compensation insurance carrier.

On 10 May 1972 defendants entered into an agreement with plaintiff on Industrial Commission Form 30 by which defendants admitted liability for and agreed to pay to plaintiff workmen's compensation benefits on account of the employee's death at the rate of $56.00 per week for 348.22 weeks and to pay $500.00 toward burial expenses, the agreement providing for total benefits in the amount of $20,000.00.

Dewey Rimmer was indicted for the murder of Nivens and was brought to trial in the Superior Court in Gaston County before Judge W. K. McLean. He pled guilty to voluntary manslaughter, and on 24 July 1972 Judge McLean signed judgments sentencing him to prison for not less than twelve nor more than fifteen years. On motion of Rimmer's attorney and with Rimmer's consent, this prison sentence was suspended for a period of five years upon certain conditions. Paragraph 2 of Judge McLean's judgment suspending the prison sentence is as follows:

"2. It appearing to the Court that the defendant has deeded over the place where he now lives to the widow of the deceased as payment on damages, it is further ordered that he shall forthwith pay to Mrs. Geraldine Nivens, the sum of $2,500.00 in addition thereto, as full compensation."

By deed dated, acknowledged and recorded on 28 July 1972 Rimmer and his wife conveyed their homeplace to plaintiff, reserving life estates unto themselves. Rimmer also paid into

Nivens v. Tire & Rubber Co.

the office of the Clerk of Superior Court the sum of $2,500.00 for the use and benefit of the plaintiff, and this sum was remitted by the Clerk to and accepted by the plaintiff.

By letter dated 16 April 1973 addressed to the North Carolina Industrial Commission, the attorneys for defendants set forth in substance the foregoing facts, asserted that defendants are entitled to credit for the value of the real estate transferred and the cash paid to plaintiff by Rimmer, reported that defendants were unable to reach an agreement with plaintiff, and requested that the matter be set for hearing. The matter was calendared and heard on 23 August 1973 before Deputy Commissioner Leake, who on 12 September 1973 entered his opinion and award. In this, the Deputy Commissioner made findings of fact in substance as above set forth and in addition found that the fair market value of the real estate conveyed by the Rimmers to plaintiff was $6,500.00, the cash value of the retained life estates was $3,500.00, the reasonable fair market value of the remainder interest conveyed to plaintiff was $3,000.00, and found that plaintiff had received total benefits from the Rimmers of approximately $5,500.00. The Deputy Commissioner concluded as a matter of law, however, that the judgment in the criminal case "does not come within the purview of G.S. 97-10.2" and entered award that the defendants "are not entitled to any credit upon the benefits that they are obligated to pay to Mrs. Geraldine Nivens as a result of anything she has received pursuant to the judgment entered in the Criminal Action of State vs. Dewey Rimmer."

On appeal by defendants to the Full Commission, the Full Commission on 15 March 1974 filed its opinion and award in which it adopted as its own the Findings of Fact made by Deputy Commissioner Leake. However, the Full Commission concluded as a matter of law that defendants are entitled to credit on the compensation to be paid by them for benefits received by her from Dewey Rimmer and entered its award containing the following:

"1. Defendants are entitled to a credit in the amount of $5,500.00 on the agreement for compensation for death previously approved herein, so that net payment by defendants under said Award shall not exceed $14,500.00.

"2. Defendants shall continue to comply with the Notice of Death Award previously entered herein until the sum of $14,500.00, including burial benefits, has been paid."

From this opinion and award, plaintiff appealed.

*Bob W. Lawing for plaintiff appellant.*

*Mullen, Holland & Harrell, P.A., by James Mullen for defendant appellees.*

PARKER, Judge.

By express language of the statute G.S. 97-10.2, compensation and other benefits under the North Carolina Workmen's Compensation Act for disability, disfigurement, or death are not affected by the fact that the injury or death was caused under circumstances creating a liability in some person other than the employer to pay damages therefor. In such case, the respective rights and interests of the employee-beneficiary under the Act, the employer, and the employer's insurance carrier, if any, in respect of the cause of action against the third party tort-feasor and the damages recovered shall be as set forth in that section of the statute. Subsection (f) (1) of G.S. 97-10.2 is as follows:

"(f) (1) If the employer has filed a written admission of liability for benefits under this Chapter with, or if an award final in nature in favor of the employee has been entered by, the Industrial Commission, then any amount obtained by any person by settlement with, judgment against, or otherwise from the third party by reason of such injury or death shall be disbursed by order of the Industrial Commission for the following purposes and in the following order of priority:

"a. First to the payment of actual court costs taxed by judgment.

"b. Second to the payment of the fee of the attorney representing the person making settlement or obtaining judgment, and such fee shall not be subject to the provisions of § 90 of this Chapter [G.S. 97-90] but shall not exceed one third of the amount obtained or recovered of the third party.

"c. Third to the reimbursement of the employer for all benefits by way of compensation or medical treatment expense paid or to be paid by the employer under award of the Industrial Commission.

Nivens v. Tire & Rubber Co.

"d. Fourth to the payment of any amount remaining to the employee or his personal representative."

In this case, the record reveals that the employer has filed a written admission of liability for benefits under the Workmen's Compensation Act and those benefits have been and are being paid to the plaintiff. In addition, plaintiff has received from the tort-feasor a cash payment of $2,500.00 and a remainder interest in real property which, on competent evidence, the Deputy Commissioner has found to have a reasonable fair market value of $3,000.00 The Full Commission has adopted that finding as its own, and on this appeal no question has been raised as to the valuation so established. The question presented by this appeal is whether the cash payment and the value of the remainder interest conveyed to plaintiff constitute amounts obtained by her "by settlement with, judgment against, or otherwise" from the third party tort-feasor by reason of her husband's death so as to subject such amounts to the disbursement authority of the Industrial Commission under G.S. 97-10.2(f). We hold that they do.

It is, of course, true that plaintiff was not a party to the criminal action in which the tort-feasor, Rimmer, was charged with the murder of her husband, and she cannot be bound by the recitations in the judgment entered in that case to the effect that the real property was deeded to her "as payment on damages" and that the sum of $2,500.00 was to be paid in addition thereto "as full compensation." It is also true that, apart from any implications arising from such recitations in the judgment entered in the criminal case, there was here no finding or evidence that by accepting the deed and the cash payment plaintiff intended to make a final and binding settlement with the tort-feasor, although, except for the restriction imposed by Subsection (h) of G.S. 97-10.2, it would have been legally possible for her to have done so by negotiations undertaken during the course of the criminal proceeding. See *Jenkins v. Fields*, 240 N.C. 776, 83 S.E. 2d 908 (1954); *Hamrick v. Beam*, 19 N.C. App. 729, 200 S.E. 2d 337 (1973). G.S. 97-10.2(h) does contain the restriction that "[n]either the employee or his personal representative nor the employer shall make any settlement with or accept any payment from the third party without the written consent of the other and no release to or agreement with the third party shall be valid or enforceable for any purpose unless both employer and employee or his personal representative join

---

Highway Comm. v. Manufacturing Co.

---

therein"; (subject to a proviso not here applicable). Nevertheless, if plaintiff had brought a civil action against Rimmer for the wrongful death of her husband, Rimmer would have been entitled to credit for the payment previously made by him and for the value of the property he had previously conveyed to her. *Hester v. Motor Lines*, 219 N.C. 743, 14 S.E. 2d 794 (1941). To the extent of such credit, at least, plaintiff's acceptance of the deed and payment have effectuated a "settlement" of Rimmer's civil liability for the wrongful death of her husband. In our opinion, and we so hold, the amount of such credit does constitute an amount obtained by plaintiff "by settlement with . . . or otherwise from the third party" by reason of such wrongful death so as to bring such amount within the purview of G.S. 97-10.2(f)(1). We also hold that the award of the Industrial Commission correctly applied that section under the circumstances of this case.

Affirmed.

Judge MARTIN concurs.

Chief Judge BROCK dissents.

Chief Judge BROCK dissenting:

I dissent from that portion of the majority opinion which permits a credit upon the employer's obligation for the $2,500.00 paid by Rimmer in lieu of serving a prison sentence.