These actions were tried in the municipal court of the city of High Point, before Lewis E. Teague, judge of the municipal court and a jury. The actions were consolidated by consent. The actions were for actionable negligence and damages.
The allegations of plaintiffs were to the effect that on 20 May, 1926, they were passengers riding in an automobile driven by one Smith Moss and the defendants, owners of a hearse driven by defendant, Kluttz, recklessly, carelessly and negligently ran the hearse into the automobile injuring them.
The defendants denied the allegations of plaintiffs as to negligence and set up in their answer: "The defendants specifically deny that they were careless and negligent in any particular, and allege and contend that, the rate of speed with which Smith Moss was operating his automobile just prior to the accident and at the time of the accident and his careless driving and his carelessness and negligence were the direct and proximate cause of the injuries sustained by the plaintiffs, Thelma Moss and Bernice Moss."
The evidence on the part of plaintiffs was to the effect: That Smith Moss was their brother, driving an Essex car, and they were passengers in his car. They were on the way to Albermarle and passing through the town of Rockwell, where the collision occurred about 10:30 in the morning, in which they were injured. The hearse was headed towards Smith Moss and he driving towards it; that the hearse was either parked or going very slow, with the right wheels on the dirt, which Smith Moss could see for some distance; he was driving about 25 miles an hour on the right-hand side of the paved road. The driver of the hearse crossed the road in front of Smith Moss and in going around the right-hand side, to avoid the collision, the bumper of the hearse struck Moss' front left fender, the car swerved to the right side when the hearse struck the car, and it was thrown against a telephone pole. He had left the pavement entirely for seventeen feet from where the collision occurred.
Mrs. T.H. Rhinehart testified in part: "I saw the hearse leave defendant Brown's yard and it passed by my home on the right-hand side of the road, going west in the direction of Salisbury. Mr. Kluttz was driving. The right wheel got off of the hard surface a precious little before they made a left turn going into their place of business. They gave no signal. Mr. Moss was driving about 30 or 35 miles an hour. Mr. Kluttz told me that he did not see Mr. Moss. . . . At the time I saw Mr. Moss on top of the knoll the front wheels of the hearse had reached a place which was about the center of the highway. The front of the Essex hit the telephone pole." *Page 191 
The defendant's evidence contradicted that of plaintiffs. Defendant Kluttz testified in part: "I had driven the hearse from Mr. Brown's yard and had reached the point to turn across the road, and when I started to turn there was no car meeting us in sight. I stuck my left hand out of the window of the hearse and looked ahead. I was half way across the road or pavement when Moss's car reached the top of the knoll. That is, our hearse was headed south diagonally across the road, and would say that Moss was 175 feet away. If Moss had been looking our hearse would have been in view to him something like 300 feet. Don't know how fast Moss was driving, but when he slid by our bumper he was going plenty fast, running at least 20 or 25 miles an hour when he slid by our bumper." The occurrence took place in the town of Rockwell. There was evidence to the effect that both parties were violation the law of the road.
The issues submitted to the jury and their answers thereto were as follows:
"1. Were Bernice Moss and Thelma Moss injured by the negligence of the defendants, as alleged in the complaint? Answer: Yes.
2. What amount of damage, if any, is Bernice Moss entitled to recover? Answer: $1,800.
3. What amount of damage, if any, is Thelma Moss entitled to recover? Answer: $3,500."
The defendants made numerous exceptions and assignments of error to the trial in the municipal court of the city of High Point.
This municipal court was established in 1913, chapter 569, Public-Local Laws. In 1927 it was given power to try civil actions. Public-Local Laws, ch. 699; see amendment Public-Local Laws 1929, ch. 170.
Under the 1927 act, sec. 5(j): "That appeals may be taken by either the plaintiff or the defendant in civil actions or by the defendant in any criminal action and by the State in such criminal action as the State is allowed appeals from the Superior Court from the High Point municipal court to the Superior Court of Guilford County in term time for errors assigned in matters of law in the same manner and under the same requirements as are now provided by law for appeals from the Superior Court to the Supreme Court. . . . That upon appeals from the High Point municipal court, the Superior Court may either affirm, modify and affirm the judgment of the High Point municipal court, or remand the cause to the High Point municipal court for a new trial," etc.
Upon appeal to the Superior Court, the court below rendered the following judgment: "This cause coming on to be heard, and being heard upon motion of the defendants for reversal of judgment rendered in the *Page 192 
municipal court of High Point, the defendants basing their motion upon the grounds of errors committed by the judge of the municipal court of High Point in his charge to the jury, and it appearing from the record in this cause that the defendants set up the plea of the negligence of Smith Moss, the driver of the automobile in which the plaintiffs were guests, as the sole and proximate cause of the injuries sustained by plaintiffs, and it appearing to the satisfaction of the court that in the charge to the jury the judge of the lower court failed to charge the jury on the question of law based upon the facts and evidence, and that this error is fatal, and that the judgment rendered in the municipal court of High Point should be reversed, and the cause remanded to the municipal court of the city of High Point for trial de novo: It is, therefore, ordered, adjudged and decreed that the judgment rendered in the municipal court of the city of High Point be reversed and the same is hereby reversed, and the cause remanded to the municipal court of the city of High Point for trial de novo: It is further ordered, adjudged and decreed, that costs of appellee be taxed against the plaintiffs by the clerk of this court." The defendants excepted, assigned error and appealed to the Supreme Court.
From the judgment by the court below, we think the only question involved in this appeal: Did the court below commit error in holding that the judge of the municipal court failed to charge the jury on the question of law based upon the evidence, in that he failed to tell the jury that plaintiffs could not recover if the negligence of Smith Moss was the sole and only proximate cause of plaintiff's injury? We think not. White v.Realty Co., 182 N.C. 536; Construction Co. v. R. R., 184 N.C. 179.
"In Bank v. Rochamora, 193 N.C. at p. 8, quoting numerous authorities, the law is thus stated: `Where the instruction is proper so far as it goes, a party desiring a more specific instruction must request it.' This applies to subordinate elaboration, but not substantive, material and essential features of the charge. C. S., 564." McCall v. Lumber Co., 196 N.C. at p. 602.
We think the judgment of the court below is in accordance with the law of this jurisdiction. The judge of the municipal court should have charged on the aspect of sole and only proximate cause as it was a substantive, material and essential feature of the controversy. C. S., 564. The judgment of the court below is
Affirmed. *Page 193