MRS. OCTAVIA MYERS v. SOUTHERN PUBLIC UTILITIES COMPANY AND W. M. JOHNSON.

(Filed 26 June, 1935.)

**1. Negligence D c—**

Where the evidence is conflicting on the issue of whether the accident in suit was caused by the negligence of defendant, defendant's motion as of nonsuit is properly overruled.

**2. Torts B a—**

When the accident in suit is caused solely by the negligence of another, defendant may not be held liable, but when the negligence of defendant is the cause of the accident, either solely or concurrently, defendant is liable to plaintiff for the resulting injury.

**3. Evidence K a—**

A witness' statement that if the defendant had not moved his car the accident would not have occurred *is held* competent as a "shorthand statement of a fact," or a statement of a "composite or compound fact," and objection thereto on the ground that the testimony invaded the province of the jury *is held* untenable.

**4. Appeal and Error J e—**

An exception to the admission of testimony will not be sustained when the witness is allowed to testify to substantially the same effect without objection at other times during his examination.

**5. Trial E g—**

Appellant's exceptions to the charge *held* untenable when the charge is read contextually as a whole.

APPEAL by the defendants from *Hill, J.,* at July Special Term, 1934, of FORSYTH. Affirmed.

*Parrish & Deal for plaintiff, appellee.*
*Manly, Hendren & Womble for defendants, appellants.*

SCHENCK, J. This is an action for personal injuries to the plaintiff, alleged to have been proximately caused by the negligence of the defendants. It is admitted that the plaintiff suffered injuries as a result of a collision between a street car owned by the corporate defendant and operated at the time by the individual defendant and a Ford automobile

operated by one John Chambers. The plaintiff alleged and contended that the collision was caused by the negligence of the defendants, either solely, or concurrently with the negligence of Chambers, and the defendants alleged and contended that the collision was caused solely by the negligence of Chambers. These adverse allegations and contentions gave rise to the first issue submitted by the court to the jury, namely, "Was the plaintiff injured by the negligence of the defendants, as alleged in the complaint?"

The evidence of the plaintiff tended to show that on 20 October, 1931, she was standing on the sidewalk at the southwest corner of the intersection of Fifth Street and Patterson Avenue, in the city of Winston-Salem, awaiting an opportunity to cross to the east side of Patterson Avenue, and that while she was so standing the Ford automobile operated by Chambers started in a southern direction across Fifth Street and collided with the street car of the defendants as the street car turned to the left into Fifth Street, and that this collision caused the Ford automobile to run upon the sidewalk and strike the plaintiff and push her back and pin her against the building contiguous to the sidewalk. The evidence of the plaintiff further tended to show that the signal light was green on Patterson Avenue, signifying "Go" when Chambers entered the intersection, and that he was driving in a careful manner and had gotten past the center of Fifth Street when the street car of the defendant, which had been standing still, moved forward, without giving any signal, and turned to the left and struck the left side of the Ford automobile behind the front wheel, and thereby diverted the course of the automobile to the sidewalk, where it struck and injured the plaintiff.

The evidence of the defendants tended to show that the street car was standing still on Patterson Avenue, in obedience to the red light, signifying "Stop" on said avenue, and that Chambers entered the intersection in disregard of the red light, and came all the way across Fifth Street and collided with the street car, while it was yet still, and that the Ford automobile was diverted by the collision thus caused to the sidewalk where it struck and injured the plaintiff.

The jury, by answering the issue in the affirmative, adopted the plaintiff's version of how the collision occurred, and, since the evidence was conflicting, the motions of the defendants for a judgment as of nonsuit were properly denied, and the assignments of error based upon such denial cannot be sustained.

His Honor charged the jury, in effect, that if the plaintiff's injuries were caused solely by the negligence of John Chambers, the driver of the Ford automobile, they should answer the issue in the negative, in favor of the defendants; but, if the jury should find by the greater weight of the evidence, that such injuries were caused by the negligence

of W. M. Johnson, the driver of the street car, either solely or concurrently with the negligence of Chambers, they should answer the issue in the affirmative, in favor of the plaintiff. This was in accord with *White v. Realty Co.*, 182 N. C., 536, where it is held: "Where an injury to a third person is proximately caused by the negligence of two persons, to whatever degree each may have contributed to the result, the negligence of the one may not exonerate the other, each being a joint tort-feasor, and the person so injured may maintain his action for damages against either one or both."

We have examined the assignments of error which assail a portion of the testimony of John Chambers upon the theory that it allowed the witness to express an opinion about material facts, and thereby invaded the province of the jury. In response to the question, "Why didn't you get across?" the witness answered, "That's my trouble, I started across and I didn't have a chance. If he had stayed still I would have went through, that's what I mean." We think the assignments are untenable, as the testimony was but a " 'shorthand statement of a fact,' or, as the statement of a 'composite or compound fact,' several circumstances combining to make another fact," as held competent in *Marshall v. Telephone Co.*, 181 N. C., 292, and cases there cited, and for the further reason that the same witness was permitted to testify to substantially the same effect without objection at other times during his examination.

We have also examined the assignments of error which assail certain portions of the charge, but are left with the impression that when these segregated portions are read contextually with the whole charge these assignments are likewise untenable.

There are no assignments of error relating to the second issue as to the measure of damages.

Affirmed.