FRANCIS C. CUNNINGHAM, by His Next Friend, R. D. CUNNINGHAM, v. C. L. HAYNES and His Wife, MRS. C. L. HAYNES, JOHN ROBERT HAWES and MRS. MATTIE H. HAWES.

(Filed 23 November, 1938.)

1. **Automobiles § 21—Complaint in this action by guest held to state joint negligence on part of both drivers involved in collision.**

The complaint alleged that the driver of the car in which plaintiff was riding as a guest was driving in congested traffic on a wet highway at a speed of fifty miles an hour, and drove past the beginning of an intersection of another highway without slackening speed, and that the driver of another car going in the opposite direction on the highway made a left turn without signal or warning into the intersecting highway in front of the car in which plaintiff was riding, and that by reason of excessive speed, the driver of the car in which plaintiff was riding was unable to turn aside or stop his car, and proceeded straight ahead and collided with the other car which had turned directly in his path, and that the collision resulting in injury to plaintiff was caused by the joint and concurrent negligence of the drivers of the cars. *Held:* The complaint states facts constituting joint and concurring negligence on the part of both drivers, and the demurrer of the parties liable for the negligence of the driver of the car in which plaintiff was riding, on the ground that the allegations of the complaint established that the sole proximate cause of the injury was the negligence of the driver of the other car, was properly overruled.

2. **Same: Negligence § 6—When the negligence of two persons concurs in producing the injury, both are liable, jointly and severally.**

A guest injured in a collision between two automobiles is entitled to recover against either one or both drivers when both are guilty of negligence proximately causing the injury, and the negligence of one will not exonerate the other if his negligence contributes to the result in any degree.

3. **Pleadings § 20—**

Upon demurrer, the complaint will be liberally construed in favor of the pleader. C. S., 535.

BARNHILL, J., dissents.

APPEAL by defendants Haynes from *Olive, Special Judge,* at May Term, 1938, of WAKE. Affirmed.

The plaintiff instituted his action to recover damages for a personal injury alleged to have been caused him by the joint and concurring negligence of the defendants, growing out of a collision between an automobile operated by defendant Haynes and an automobile operated by defendants Hawes. Plaintiff was a passenger in the Haynes automobile. Defendants Haynes demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action as to them for the reason that the allegations of the complaint established that the sole proximate cause of the injury was the negligence of defendants Hawes.

From judgment overruling the demurrer, defendants Haynes appealed.

*R. Roy Carter for plaintiff.*
*A. J. Fletcher for defendants.*

DEVIN, J. The question presented by this appeal is whether the complaint sufficiently alleges a cause of action for joint and concurring negligence on the part of the defendants. This requires an examination of the allegations of the complaint with particular reference to the matters challenged by the demurring defendants.

The material facts alleged, upon which the action is based, may be briefly stated as follows:

On Saturday, 7 August, 1937, the plaintiff was a passenger in an automobile which belonged to and was used by defendants Haynes for the convenience and pleasure of the family and which was being driven at the time by the minor son of these defendants, for that purpose, on a trip to the ocean beaches near Wilmington. About six-thirty in the afternoon of that date, while en route southwardly on Highway No. 60, and at a time when it was raining and the pavement wet, and when the highway was congested with Saturday afternoon beach-bound traffic, young Haynes drove the automobile at a fast and reckless rate of speed considering the nature, condition and use of the highway, and at a speed of fifty miles per hour, and at a place where he was approaching the intersection of Highway No. 60 with Highway No. 53. Without slackening his speed he entered into and upon this intersection of principal highways at a speed greater than was reasonable and proper under the circumstances, and, as he was undertaking to traverse the intersection, the defendants Hawes, who were driving their automobile northwardly along Highway No. 60, undertook to make a left turn into Highway No. 53 when the Haynes automobile was in close proximity. The defendants Hawes turned their automobile into the path of the oncoming Haynes automobile without a signal or warning and on a wet pavement.

It is alleged that by reason of the excessive speed of the Haynes automobile, under these circumstances, the driver thereof was unable to turn aside or stop his automobile, and without slowing down or turning aside, proceeded straight ahead and collided with the Hawes automobile, proximately resulting in injury to the plaintiff.

It is further alleged in the complaint that the drivers of both automobiles negligently operated their respective automobiles upon a much used highway and into a principal and congested intersection without keeping a proper lookout, without applying brakes or slowing down, without having their respective automobiles under control, and that both operated their automobiles without due caution and circumspection, and at a speed and in a manner so as to endanger the person of the plaintiff and others upon the highway, and that plaintiff's injury was the proximate result of the negligent acts of both defendants, each concurring and combining with the other.

Giving to the allegations of the complaint that liberal construction required by the statute and the decisions of this Court (C. S., 535; *Blackmore v. Winders,* 144 N. C., 212, 56 S. E., 874; *Cummings v. Dunning,* 210 N. C., 156, 185 S. E., 653), it is apparent that the complaint has alleged facts sufficient to constitute actionable negligence on the part of the demurring defendants. *Lewis v. Hunter,* 212 N. C., 504; *Taylor v. Rierson,* 210 N. C., 185, 185 S. E., 627; *Myers v. Utilities Co.,* 208 N. C., 293, 180 S. E., 694; *West v. Baking Co.,* 208 N. C., 526, 181 S. E., 551.

In *Smith v. Sink,* 210 N. C., 815, 188 S. E., 631, where demurrer by one defendant was interposed on the same ground as that relied on by appellants in the case at bar, it was said: "Where an injury to a third person is proximately caused by the negligence of two persons, to whatever degree each may have contributed to the result, the negligence of the one may not exonerate the other, each being a joint tort-feasor, and the person so injured may maintain his action for damages against either one or both. *White v. Realty Co.,* 182 N. C., 536."

In *Anthony v. Knight,* 211 N. C., 637, 191 S. E., 323, the plaintiff in that case was injured as the result of a collision at a street intersection between the automobile in which she was riding as a passenger and a motor truck. The owners of both vehicles were sued upon allegations of joint and concurring negligence. The owner of the automobile in which plaintiff was riding demurred. This Court said: "Nor can the allegation of negligence, as against defendants Motor Freight Corporation and Barefoot (the driver), that they drove the truck into the intersection of said street without stopping, in violation of an ordinance of the city of Greensboro, and without looking for approaching vehicles, be held to support the necessary conclusion that the negligence of the

driver of the truck constituted a new and intervening cause, breaking the chain of causation and insulating the negligence (unlawful speed) of the demurring defendants. All the facts necessary to render applicable the doctrine of insulated negligence set forth in *Hinnant v. R. R.*, 202 N. C., 489, do not appear on the face of the complaint, nor are they necessarily deducible therefrom. *Vivian v. Transportation Co.*, 196 N. C., 744; *Caddell v. Powell*, 70 Fed. (2nd), 123. Neither does it affirmatively appear that the negligence of the driver of the truck was the sole proximate cause of the injury."

See, also, *Rucker v. Snider Bros.*, 210 N. C., 777, 188 S. E., 405; *S. c.*, 211 N. C., 566.

If it be determined on the trial that the negligence of the defendants Hawes was the sole proximate cause of plaintiff's injury (*Smith v. Sink*, 211 N. C., 725, 192 S. E., 108), the appellants would be relieved of liability therefor, but the complaint on the facts alleged may not be overthrown by a demurrer.

Judgment affirmed.

BARNHILL, J., dissents.