JOE WOODS, Administrator of EDWARD WOODS, v. ROADWAY
EXPRESS, INC.,

and

FRED B. SWANN, Administrator of MABEL LEE SWANN, v. ROADWAY
EXPRESS, INC.

(Filed 2 June, 1943.)

**1. Evidence § 28—**

In an action to recover for wrongful death from an automobile collision, there was no error in the court's exclusion of testimony of the father of plaintiff's intestate, driver of one of the cars, that he saw his son's dead body, in the funeral home and saw a wound on his left arm, in an attempt to show that intestate had his left arm held out as a signal for a left turn at the time of the accident.

**2. Trial § 32—**

If a litigant desires a fuller or more detailed charge by the court to the jury, it is incumbent upon him to ask therefor by presenting prayers for special instructions.

**3. Evidence §§ 19, 42b—**

Where, in an action for wrongful death by automobile collision, an occupant of the car, driven by plaintiff's intestate, was thrown out of the car by the impact, (1) evidence that such person stated that she told plaintiff's intestate that the collision "was going to happen, that he was driving in and out of traffic, and running past cars," was competent to contradict a denial by such person, while on the stand, that she made such statements; (2) and, when it was made to appear that such statements were almost contemporaneous with the collision, they are competent as *pars res gestæ*.

**4. Evidence § 30a—**

In an action for damages resulting from an automobile collision, there is no error in the court's refusal to allow a witness to use a photograph to explain his testimony, when the photograph is not shown to be a true representation of the wreck, and the record does not show how the witness would have so used the photograph.

**5. Appeal and Error § 39e: Trial § 36—**

Errors in the court's charge, on an issue answered in favor of the party who makes the exceptive assignments of error, are harmless. To be reversible, the error must be material and prejudicial to appellant's rights.

WOODS v. ROADWAY EXPRESS, INC., and SWANN v. ROADWAY EXPRESS, INC.

APPEAL by plaintiffs from *Bone, J.,* at October Term, 1942, of ORANGE.

Two actions to recover damages for the wrongful deaths of the plaintiffs' intestates, alleged to have been caused by the negligence of the defendant, consolidated for the purpose of trial.

On 6 October, 1941, about 8 o'clock p.m., on Highway No. 70, in Orange County, west of Hillsboro, Edward Woods was driving a Chevrolet automobile in an easterly direction. In the automobile with him were Mabel Lee Swann, Robert Swepson, Hallie Pearl Swepson and Christine Swepson. On the said highway at the same time and at the same place and going in the same direction, H. L. Lowdermilk was driving a trailer-truck of the Roadway Express, Inc., the defendant.

The automobile in which the intestates were riding passed the truck of the defendant, and after going some distance slowed up, and the driver of the defendant's truck endeavored to pass the intestates' automobile, when said automobile was turned suddenly to the left, the north, to enter an intersecting road, thereby causing a collision between the truck and the automobile, resulting in the deaths of the intestates, Edward Woods and Mabel Lee Swann.

The jury found in the case of Woods' administrator that the defendant was guilty of actionable negligence, that the intestate was guilty of contributory negligence, and denied recovery; and in the case of Swann's administrator that the defendant was guilty of negligence and awarded the plaintiff damages in the sum of one thousand dollars.

From judgment predicated on the verdict each of the plaintiffs appealed, assigning errors.

*Thomas C. Carter, June A. Crumpler, and Graham & Eskridge for plaintiffs, appellants.*

*Bonner Sawyer and Sapp & Sapp for defendant, appellee.*

SCHENCK, J. The first exceptive assignment of error set out in appellants' brief relates to the court's exclusion of testimony of the father of the intestate Woods to the effect that he, the witness, saw the body of his dead son in the funeral home and saw the wound on the left arm. This testimony was offered ostensibly to show that the intestate had his left hand outside of the automobile, as a signal of his intention to turn to the left, at the time of the fatal collision. The witness not being an expert, could not have testified as to the cause of the fatal collision when he did not see it occur. This assignment is untenable.

The second and third exceptive assignments of error set out in appellant's brief relate to the court's failure to instruct the jury not to consider certain testimony, objection to which was sustained. In the ab-

sence of a request for such instruction, such assignment of error is untenable. No such request was made.

The fourth and fifth and eleventh exceptive assignments of error set out in appellants' brief relate to the admission, over objection, of testimony to the effect that immediately after the collision Hallie Pearl Swepson, who was thrown out of the automobile, stated that she had told the driver of the automobile that this (collision) was going to happen, that he was driving in and out of traffic, running past cars. This testimony was first admitted for the limited purpose of contradicting the testimony of Hallie Pearl Swepson to the effect that she had made no such statements, and, subsequently, was admitted generally when a witness, one Bernard, testified that Hallie Pearl Swepson, "was thrown from the car as the trailer hit it, and she came running back, she was hollering I told him not to do it, I told him not to do it—in their colored language," she said, "I told him not to go in and out, and not to drive like he was crazy." We are of the opinion that his Honor's ruling was correct. The testimony under investigation was clearly competent to contradict the former testimony of Hallie Pearl Swepson, and when it was made to appear that the statements were made almost contemporaneous with the collision, and were spontaneous utterances of the mind while under the influence of the transaction, such testimony became competent generally as *pars res gestæ,* no matter by whom made. *Young v. Stewart,* 191 N. C., 297 (302-3), 131 S. E., 735, and cases there cited.

The twelfth exceptive assignment of error relates to the reference made in the charge to the testimony admitted as *pars res gestæ.* Since there was no error in the admission of the testimony there was no error in referring to it in the charge.

The sixth, seventh, ninth and tenth exceptive assignments of error set out in the appellants' brief relate to evidence which it is contended are purely conclusions and opinions of the witnesses, and are therefore incompetent. We do not concur in these contentions for the reason that we are of the opinion that the evidence assailed was nothing more than a "shorthand statement of facts" as they existed. *Myers v. Utilities Co.,* 208 N. C., 293 (295), 180 S. E., 694.

The eighth exceptive assignment of error which relates to the refusal of the court to allow the witness to use a certain photograph to explain his testimony cannot be sustained for the reason, first, that the photograph was not shown to be a true representation of the wreck; second, it does not appear in the record how the witness would have used the photograph to explain his testimony.

The thirteenth, fourteenth, fifteenth and nineteenth exceptive assignments of error set out in the appellants' brief relate to excerpts from his Honor's charge. All of these excerpts were addressed to the first issue

in each case, which presented the question as to whether the plaintiffs' intestates were injured and killed by the actionable negligence of the defendant. The jury answered the first issue in each case in the affirmative, that is, in favor of the plaintiffs; therefore, if there was error in any of the excerpts assailed, such error was harmless to the plaintiffs, appellants. "To be reversible it must appear that the error was material and prejudicial to appellant's rights. *S. v. Beal,* 199 N. C., 278, 154 S. E., 604." *White v. McCabe,* 208 N. C., 301 (304), 180 S. E., 704.

The sixteenth, seventeenth and eighteenth exceptive assignments of error set out in the appellants' brief relate to excerpts from his Honor's charge upon the second issue in the case of Woods' administrator which presents the question as to whether the intestate by his own negligence contributed to his own injury and death. We have examined the charge as it relates to the contributory negligence of the intestate Woods, the driver of the automobile, and we find it free from prejudicial error. If the plaintiff administrator desired a fuller and more detailed charge it was his duty to ask therefor by presenting prayers for special instructions. C. S., 565; *S. v. Spillman,* 210 N. C., 271, 186 S. E., 322; *S. v. Jackson,* 190 N. C., 862, 129 S. E., 582.

The twentieth exceptive assignment of error set out in the appellants' brief relates to the charge of his Honor upon the second issue in the case of Swann's administrator addressed to the measure of damages. We have examined the pertinent portion of the charge and find no prejudicial error therein. If the plaintiff desired a fuller or more detailed charge it was incumbent upon him to have requested it by way of prayers for special instructions. The fact that the court failed to charge that the father of the intestate would have been entitled to her earnings until she had reached the age of 21 years, if error, was error in favor of the plaintiff, and, therefore, not prejudicial.

We have examined the entire record, and each assignment of error in detail, and are left with the impression that the plaintiffs have had a fair and impartial trial, and, therefore, find

No error.