MRS. MAYO TILLMAN v. JIMMY SHELTON BELLAMY.

(Filed 4 May, 1955.)

**1. Negligence § 6—**

> When the negligence on the part of two or more persons, operating independently of each other, join and concur in proximately producing the injury complained of, each author of negligence is liable for the damages inflicted, and the person injured may bring action against any one or all of them as joint tort-feasors.

**2. Automobiles §§ 18d, 18i—Instruction held for error in failing to charge upon liability for concurring negligence.**

Plaintiff, a guest passenger in a car, sought to recover for alleged negligence of the driver of the car which collided with the rear of the car in which plaintiff was riding when it stopped because of the exigencies of traffic. Defendant denied negligence on his part and alleged that negligence on the part of the driver of the car in which plaintiff was riding was the sole proximate cause of the injury. *Held:* An instruction upon defendant's liability if his negligence was the proximate cause of the injury and upon the principle that defendant would not be liable if the negligence of the driver of the other car was the sole proximate cause of the collision, must be held for error in failing to charge upon *defendant's liability to plaintiff if defendant's negligence concurred with the negligence of the other driver in proximately causing the injury,* since the pleadings and evidence raise the issue of negligence of the driver of the car in which plaintiff was riding, even though only for the purpose of showing that his negligence was the sole proximate cause of the injury.

**3. Trial § 31b—**

It is incumbent upon the trial judge to charge the jury upon each substantive feature of the case arising upon the evidence even in the absence of a request for special instructions.

**4. Automobiles § 18i—**

It is not necessary for the court to charge on the question of maximum speed fixed by statute for business districts when the evidence is insufficient to bring the locale of the collision within the definition of business districts. G.S. 20-141 (b).

BARNHILL, C. J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Patton, Special Judge,* December Extra Term 1954 of MECKLENBURG.

Plaintiff instituted this action to recover damages for personal injury sustained, consequent upon a collision of automobiles, alleged to have been caused by the negligence of the defendant.

The material facts were these:

On the afternoon of 5 December, 1953, plaintiff was riding as a guest passenger in an automobile being driven by B. G. Lindsay eastwardly on Rozzell's Ferry Road in the city of Charlotte. There were several automobiles in line in front of the one in which plaintiff was riding. As they approached the intersection of Zebulon Street the line including the Lindsay automobile slowed down, with rear lights showing red. Lindsay's automobile was barely moving when it was struck from the rear by an automobile driven by the defendant Bellamy who was driving from the west through Charlotte. The force of the impact impelled the Lindsay automobile into the automobile next in front, causing injury to the plaintiff.

The plaintiff alleged negligence on the part of defendant in failing to observe the traffic in his front, failing to maintain proper distance, and speed in excess of the statute, G.S. 20-141 (b). The defendant denied negligence on his part and alleged that Lindsay was negligent in stopping without warning, and that Lindsay's negligence was the sole proximate cause of plaintiff's injury.

In his testimony defendant Bellamy admitted that just before the collision he was driving at a speed of thirty-five miles per hour.

In response to the issue submitted, "Was the plaintiff injured by the negligence of the defendant as alleged in the complaint?," the jury answered "No."

Judgment was rendered in favor of the defendant and the plaintiff appealed.

*Warren G. Stack for plaintiff, appellant.*
*Kennedy, Kennedy & Hickman and Frank H. Kennedy for defendant, appellee.*

DEVIN, J. The only errors assigned and brought forward in plaintiff's appeal relate to the court's charge to the jury, in that the court failed to present certain material phases of the evidence to the jury and declare and explain the law relating thereto as required by the statute, G.S. 1-180.

The plaintiff points out that the court failed to declare and explain the law as to a material phase of the law of negligence applicable to and inherent in the evidence in this case.

The court properly explained the law of negligence as it related to the defendant's conduct under the allegations of the complaint and as shown by the testimony, and also as to defendant's contention that the negligence of B. G. Lindsay, the driver of the automobile in which plaintiff was riding, was the sole proximate cause of the collision and of the injury complained of. But plaintiff contends there was error in failing to call the jury's attention to the question of the concurring negligence of Lindsay and defendant Bellamy, a substantive feature of the case arising on the evidence.

The principle seems firmly established by the decisions of this Court that if Lindsay, the driver of the automobile in which plaintiff was riding, was guilty of negligence in stopping without warning, and the defendant Bellamy was also guilty of negligence in relation to the same transaction, and the negligence of each contributed proximately to plaintiff's injury, the defendant would not be relieved of liability therefor, unless the negligence of Lindsay, plaintiff's driver, was the sole proximate cause of the injury. The negligence of Lindsay was called

to the attention of the jury but only in connection with defendant's allegation that Lindsay's negligence in the respects alleged was the sole proximate cause of the collision. Plaintiff would not be barred by the negligence of Lindsay unless it was the sole efficient cause of her injury.

In the language of *Stacy, C. J.,* in *Barber v. Wooten,* 234 N.C. 107, 66 S.E. 2d 690:

"There may be two or more proximate causes of an injury. These may originate from separate and distinct sources or agencies operating independently of each other, yet if they join and concur in producing the result complained of, the author of each cause would be liable for the damages inflicted, and action may be brought against any one or all as joint tort-feasors. *White v. Carolina Realty Co.,* 182 N.C. 536, 109 S.E. 564."

To the same effect are the decisions in *Hall v. Coble Dairies,* 234 N.C. 206, 67 S.E. 2d 63; *Price v. Monroe,* 234 N.C. 666 (669), 68 S.E. 2d 283; *Smith v. Sink,* 210 N.C. 815, 188 S.E. 631; *Cunningham v. Haynes,* 214 N.C. 456, 199 S.E. 627; *Crampton v. Ivie,* 126 N.C. 894.

This principle is applicable when the facts are such as to justify the view that the several acts of negligence on the part of two different persons concur in contributing proximately to the injury complained of. *Smith v. Grubb,* 238 N.C. 665, 78 S.E. 2d 598; *Cunningham v. Haynes, supra.*

In the case at bar we have examined the court's charge in the light of the plaintiff's exception, and note that, after calling the jury's attention to the duty of the defendant to observe the speed laws and to maintain safe interval between automobiles, and to the duty of Lindsay to give a proper signal on stopping, the court on the first issue, charged the jury if they found from the evidence and by its greater weight that the defendant in the operation of his automobile on this occasion was negligent in any of the respects alleged in the complaint, setting these out separately and accurately, and such negligence was the proximate cause of the injury, they should answer the issue yes; otherwise, no. Immediately following, the court added: "Or if, after taking into consideration all the evidence in the case, you find that the sole proximate cause, the producing cause of the collision, was the negligence of Lindsay, the operator of the vehicle in which the plaintiff was riding, then it would be your duty to answer issue number 1, no."

Inadvertently the court failed to charge the jury that if they should find from the evidence that both Lindsay and defendant Bellamy were negligent in the operation of their respective automobiles on this occasion, and that the negligence of each was a concurring and contributing proximate cause of the collision and consequent injury to the plaintiff, they should nevertheless answer the issue in favor of the plaintiff, who

---

TILLMAN *v.* BELLAMY.

---

was a nonoperating passenger in one of the automobiles; unless they should find that the negligence of Lindsay was the sole proximate cause of the injury.

There was no request for instruction on this point, but none was necessary as this was a substantive feature of the case arising on the evidence. *Spencer v. Brown,* 214 N.C. 114, 198 S.E. 630; *S. v. Ardrey,* 232 N.C. 721, 62 S.E. 2d 53; *Moss v. Brown,* 199 N.C. 189, 154 S.E. 48; *Chambers v. Allen,* 233 N.C. 195, 63 S.E. 2d 212; *Williams v. Coach Co.,* 197 N.C. 12, 147 S.E. 435.

In *Smith v. Bonney,* 215 N.C. 183, 1 S.E. 2d 371, where the facts were somewhat similar, this Court declined to grant a new trial on the exception that the court had failed to submit the question of the concurring negligence of plaintiff's driver. But the decision of the Court in that case was stated in a *per curiam* opinion, to be for the reason the court had charged the jury if the negligence of the defendant was the proximate cause of the injury to answer the issue in plaintiff's favor, and that the issue of the negligence of plaintiff's driver had not been raised, only the issue of the negligence of the defendant having been tried below. It was thought the appeal should follow the theory of the trial.

In our case the negligence of Lindsay, plaintiff's driver, was put in issue in defendant's pleading and the evidence which was offered pursuant thereto. True this was done in the effort to show that Lindsay's negligence as alleged was the sole proximate cause of plaintiff's injury, but the evidence was equally available in support of the applicable principle of the concurring negligence of both drivers. As this constituted a substantial and material phase of the case arising on the evidence, it was incumbent on the trial judge to submit it to the jury with appropriate instructions. Plaintiff did not see fit to sue Lindsay, as she might have done, nor did the defendant ask that he be made party defendant for the purpose of determining his contingent liability for contribution as joint tort-feasor, but the question of his negligence is raised both by pleading and evidence.

The plaintiff also excepted to the failure of the court to submit to the jury the question of the maximum speed limit fixed by statute for business districts. G.S. 20-141 (b), G.S. 20-38. But we do not think the evidence sufficiently clear to bring the locale of the collision within the statutory definition of a business district, and this exception is not sustained. See *Hinson v. Dawson,* 241 N.C. 714, where in an opinion written for the Court by *Bobbitt, J.,* these statutes are considered and their provisions construed.

We think the plaintiff is entitled to another hearing. As there must be a new trial, no further discussion of the evidence is necessary.

New trial.

BARNHILL, C. J., took no part in the consideration or decision of this case.

This opinion was written in accordance with the Court's decision and filed by order of the Court after expiration of period of active service of *Devin, J.,* upon recall to serve temporarily as provided by law.