ILEEN STUTTS v. SAMMIE LEROY BURCHAM AND CLAYTON SMITH, T/A CLAYTON SMITH LANDSCAPING.

(Filed 24 July, 1967.)

**1. Appeal and Error § 31—**

An assignment of error for failure of the court to charge on an aspect of the law presented by the evidence should set forth appellant's contention as to what the judge should have charged.

**2. Automobiles § 87—  Whether negligence of driver in turning left was a proximate cause of collision held for jury.**

In an action by a passenger injured in a collision between the car in which he was riding and a truck making a left turn at an intersection, the driver of the truck may not successfully contend that the negligence of the driver of the car in attempting to pass at the intersection was the sole proximate cause of the accident when there is evidence that the driver of the truck turned left without seeing the car, which had been immediately behind him, and which had been for some time beside him when he started to turn, since, upon the evidence, it is for the jury to determine whether the truck driver's negligence in failing to ascertain whether he could turn left in safety before attempting to do so was a proximate cause of the collision. G.S. 20-154.

**3. Automobiles § 93—  Passenger is entitled to recover of either driver whose negligence was one of proximate causes of injury.**

Where a passenger in one vehicle sues the driver of the other vehicle for injuries received in a collision between the vehicles, plaintiff is entitled to recover if the negligence of defendant driver was one of the proximate causes of the collision and, even though defendant driver's general denial entitles him to show that the sole proximate cause of the collision was the negligence of plaintiff's driver, when plaintiff's evidence tends to show negligence on the part of defendant driver constituting a proximate cause of the injury, and neither plaintiff's nor defendant's evidence supports the hypothesis that the negligence of the driver of the car in which plaintiff was riding was the sole proximate cause of the collision, the court is not required to charge upon this hypothesis.

**4. Automobiles § 94—**

Neither allegation nor evidence in this action presented the question of plaintiff passenger's contributory negligence.

APPEAL by defendants from *Riddle, S.J.,* 12 September 1966 Civil Session of GUILFORD (High Point Division).

Civil action for personal injuries resulting from a collision between two motor vehicles.

On 19 October 1963 about 8:00 a.m., plaintiff was a passenger in a Volkswagen which was being driven by her husband, W. O. Stutts, in a northerly direction on North Main Street (U. S. Highway No. 311) in the city of High Point. The weather was clear, and the sun was shining. The Stutts vehicle was following a dump truck owned by defendant Smith and operated by his employee, defendant Burcham. When the Volkswagen attempted to pass the truck, there was a collision, in which plaintiff received head injuries. She alleges that the collision was proximately caused by the negligence of Burcham in that, as the Volkswagen was in the act of passing the dump truck, he suddenly, and without signaling, turned the truck to his left across the center line of the highway in front of the Volkswagen. Defendants' answer is merely a categorical denial that negligence on the part of Burcham was a proximate cause of plaintiff's injuries.

Plaintiff's evidence tended to show: When Stutts was about 800 feet south of the intersection of Peachtree Drive and North Main Street, he began the "act of passing" the dump truck. Visibility was unobstructed for a mile. He gave a left-turn signal, sounded his horn, and pulled into the left lane at a speed of approximately 30-35 MPH. This was also the speed of the truck. At that point, there was no yellow line in the lane for northbound traffic, and Stutts was unaware that he was approaching an intersection. A faded yellow line, however, did begin in that lane 483 feet from the intersection. There was also a solid white line in the center of No. 311, which extended into the intersection. After the Volkswagen overtook the truck, according to Mr. Stutts, the following events occurred:

> "I was following parallel along with him a good long distance on up to 50 or 75 feet from the Peachtree Road, at which time he veered across the line. Mr. Burcham cut the corner short and hit my car, and dragged me into the ditch on the far corner of Peachtree. He started his turn 50 to 75 feet south of Peachtree Drive. I didn't see a signal of any sort. . . . Just at the time I began to pass I blew my horn and then blew again when he cut across my line and hit my vehicle."

The entire right side of the Volkswagen was damaged; the dump truck was damaged on the left side. A motorist, traveling behind the Volkswagen, testified that, as Stutts attempted to pass the truck at a speed of 40-45 MPH, it turned left and knocked the Stutts vehicle

off the road and into a ditch; that, before it turned, he saw no signal from the truck, and he was in a position to have seen one had it been given; that after the accident he examined the rear-signal light on the truck and found it covered with mud or cement.

Defendants' evidence tended to show: At the time of the collision, the dump truck was in the center of the intersection of Peachtree Drive and No. 311, starting a left turn into Peachtree. Defendant Burcham, the driver, had previously turned on his left-turn signal when he was 300 feet south of the intersection. At that time, he looked in his rear-view mirror and saw no car in the left lane. At no time did he hear a horn blow. When he got to Peachtree, he once more looked in the mirror and saw no cars in the left lane. He then started to turn — and the Volkswagen hit his truck on the left side behind the door. The front bumper and the left-front wheel were also damaged. Burcham had not seen the Volkswagen prior to the collision. At the time of the impact, the speed of the truck was 5-15 M.P.H. All the signal lights on the truck were working, and they were clean except for "light dust."

The investigating officer, who arrived at the scene 5-10 minutes after the collision, found the dump truck in the southbound lane of No. 311, headed in a northwesterly direction. The front end of the Volkswagen was in the ditch on the northwest corner of the intersection. He observed that 90 feet of skid marks angled from the center of No. 311 to debris in the middle of Peachtree Drive and the southbound lane of No. 311 and that a yellow line extended south from the intersection for 477 feet.

Issues were submitted to the jury and answered as follows:

"1. Was the plaintiff injured and damaged by the negligence of the defendants, as alleged in the Complaint? ANSWER: Yes.

"2. What amount of damages, if any, is the plaintiff entitled to recover of the defendants? ANSWER: $16,000.00."

From judgment entered upon the verdict, defendants appeal.

*Bencini & Wyatt; Silas B. Casey for plaintiff appellee.*
*Holt, McNairy and Harris; Deal, Hutchins and Minor for defendant appellants.*

SHARP, J. Defendants' first three assignments of error are that the court failed to refer to G.S. 20-150(c) (passing at city intersections), G.S. 20-147 (keeping to the right half of highway at intersections), and G.S. 20-150(e) (observance of no-passing signs), and to explain the application of these statutes to the evidence re-

lating to the manner in which Stutts operated the automobile in which plaintiff was riding. These three assignments do not comply with the rules of this Court in that they fail to set out defendants' contentions as to what the judge should have charged. *Bank v. Hackney,* 270 N.C. 437, 154 S.E. 2d 512; *State v. Malpass* and *State v. Tyler,* 266 N.C. 753, 147 S.E. 2d 180; *State v. Wilson,* 263 N.C. 533, 139 S.E. 2d 736. The rules of practice in this Court are mandatory, and an assignment which does not comply with the applicable rule *requires* no consideration. *Walter Corporation v. Gilliam,* 260 N.C. 211, 132 S.E. 2d 313. Appellants' failure to observe the rule with reference to assignments based on the judge's failure to charge illustrates the reason for the rule; we are unable to determine what they think the error of omission was. In the brief, they point to the evidence that Stutts attempted to pass the dump truck at an intersection; that he drove to his left of the center line at an intersection; and that he drove on the left side of the highway when there was a yellow line in his proper lane of travel. From this they argue that "any negligence on the part of the driver of the other car in the collision (Stutts) was relevant on the question of proximate cause"; that "the answer raised the issue by the specific denial of proximate cause"; and that "if Stutts had not attempted to pass at the intersection in all probability there would have been no collision."

As authority for their contention "that Stutts was negligent" they cite, *inter alia, Tillman v. Bellamy,* 242 N.C. 201, 87 S.E. 2d 253, a case in which the plaintiff, a passenger injured in a two-car collision, sued only one of the drivers. The one sued denied negligence and pled the sole negligence of the other. The plaintiff was awarded a new trial because the judge failed to charge the jury that if both drivers were guilty of negligence which contributed proximately to the plaintiff's injury, the one whom she had sued would not be relieved of liability therefor unless the negligence of the other was the sole proximate cause of the injury. *Tillman v. Bellamy, supra,* appears to us to control this case, but it offers no comfort to defendants. Had plaintiff sued defendants and Stutts or had defendants made Stutts an additional party-defendant for contribution under G.S. 1-240, the evidence here would have supported a finding that plaintiff was injured by the concurring negligence of Stutts and defendant Burcham. Plaintiff, however, sued only defendants, and they did not interplead Stutts, but all this is immaterial to this appeal. If Burcham's negligence was one of the proximate causes of plaintiff's injury, defendants are liable to her. *Tillman v. Bellamy, supra.* She is not concerned with any claims they may have against a third party for contribution.

Although defendants do not specifically make the contention that

Stutts' negligence was the sole proximate cause of the collision, their argument seems to be: (1) Stutts was negligent in that he attempted to pass the truck at an intersection in violation of G.S. 20-150(c) and G.S. 20-147, and in that he had been driving to the left of a yellow line for at least 477 feet before the collision. (2) He was not required to anticipate such negligence on the part of Stutts. (3) Therefore, Burcham was not negligent in turning left at the time when Stutts was alongside the truck; so Stutts' negligence was the sole proximate cause of the collision. This contention is untenable. It overlooks the positive duty which G.S. 20-154 imposed upon Burcham to see that the movement could be made in safety before he turned left from No. 311 into Peachtree Drive. Indisputably, the Stutts Volkswagen had been behind the dump truck for some time and it was beside the truck when Burcham started his left turn, whether he cut the corner or turned after he had passed the center of the intersection. Yet, by his own admission, Burcham never saw the Stutts vehicle until after the collision. Obviously, it was there to be seen, had he looked.

The conclusion is inescapable that Burcham's failure to exercise reasonable care to ascertain that his turn could be made in safety contributed to plaintiff's injuries. The judge correctly charged that, in order to recover of defendants, plaintiff need only satisfy the jury by the greater weight of the evidence that Burcham's negligence was *one* of the proximate causes of the collision. In *Finch v. Ward,* 238 N.C. 290, 77 S.E. 2d 661, an action brought by a passenger against the driver of one of two cars involved in a collision, a different factual and procedural situation was presented. The defendant impleaded the driver of the other car for contribution, alleging that he was a joint tort-feasor. The second driver filed answer in which he alleged that the first driver's negligence was the sole proximate cause of the collision. He also alleged a cross action for his own damages against the original defendant. The jury found both defendants guilty of negligence proximately causing plaintiff's damage. Upon additional defendant's appeal, a new trial was granted because the judge failed to instruct the jury upon the effect of additional defendant's evidence which tended to show that the negligence of the original defendant was the sole proximate cause of the collision. That case, therefore, is not pertinent here. The evidence and pleadings in *Finch v. Ward* brought into direct issue, *in a suit by one driver against another,* the question of sole negligence, for, if both drivers were negligent, neither could recover from the other. In the case at hand, however, plaintiff-passenger could recover from either driver if his negligence was one of the proximate causes of the collision. The evidence in this case, which tended to show the negligence of both driv-

ers, did not require the court to charge on the hypothesis that the negligence of the one whom she had not sued (and whom defendant had not impleaded for contribution) was the sole proximate cause of her damage.

Several of our cases contain the statement that, under a general denial, a defendant may show that the sole proximate cause of the injury in suit was the negligence of some third person. *Kimsey v. Reaves,* 242 N.C. 721, 723, 89 S.E. 2d 386, 387; *Lovette v. Lloyd,* 236 N.C. 663, 670, 73 S.E. 2d 886, 892-93. This is an application of the rule: "The plea of denial controverts and raises an issue of fact between the parties as to each material allegation denied, and forces the plaintiff to prove them." *Chandler v. Mashburn,* 233 N.C. 277, 278, 63 S.E. 2d 553, 554. Notwithstanding, whenever a defendant charged with actionable negligence plans to contend at the trial that the negligence of another person was the sole proximate cause of a plaintiff's injuries, it is by far the better practice for him to name that person in the answer and to particularize the conduct which he contends constituted the proximate cause. This method of pleading conforms to our general practice, and it not only puts a plaintiff on notice but it also alerts the trial judge to a defendant's contentions.

Under defendant's general denial of plaintiff's allegations in this case, she was required to prove only that negligence on the part of Burcham was a proximate cause of her injuries. This she did to the satisfaction of the jury. Neither plaintiff's nor defendants' evidence suggests that Stutts' conduct was the *sole* proximate cause of the collision.

Defendants assign as error the judge's statement to the jury that neither the pleadings nor the evidence raised an issue of plaintiff's contributory negligence. This was a correct statement of which defendants have no right to complain.

In the trial below, we find

No error.