BROWNING v. CAROLINA POWER & LIGHT CO.

[114 N.C. App. 229 (1994)]

PAMELA A. BROWNING, GLENN BROWNING AND SHELBA BROWNING, PLAINTIFFS/APPELLANTS v. CAROLINA POWER & LIGHT COMPANY AND TONY LYNN GREGG, DEFENDANTS/APPELLEES

No. 9230SC1161

(Filed 5 April 1994)

1. **Automobiles and Other Vehicles § 416 (NCI4th) — automobile collision — failure to instruct on joint and concurring negligence — error**

   The trial court erred in an action arising from an automobile accident by failing to instruct on joint and concurring negligence where plaintiff was injured while a passenger in an automobile driven by Miss Fisher which collided with a truck owned by defendant CP&L and driven by defendant Gregg; plaintiff did not sue Miss Fisher; the substance of the defendants' case was that the automobile driven by Miss Fisher was the sole cause of plaintiff's injuries and that defendant Gregg reacted non-negligently to the emergency created by the driver of the car; plaintiff's evidence attempted to establish that the accident took place in the plaintiff's lane and that defendant Gregg responded in an unreasonable manner under the circumstances; and both the pleadings and the evidence put the other driver's negligence in issue.

   **Am Jur 2d, Automobiles and Highway Traffic § 432.**

2. **Evidence and Witnesses § 90 (NCI4th) — automobile accident — mini-bottles of alcohol — erroneously admitted — prejudicial**

   The trial court erred in an automobile accident case by denying plaintiffs' motion *in limine* and in allowing defendants to introduce evidence of mini bottles of white lightning found at the scene where the officer who found the bottles in one driver's purse testified that he had no reason to believe that alcohol consumption contributed to the accident and the driver testified that she did not remember the accident or putting the bottles in her purse. Although defendants assert that the evidence was offered to impeach the driver in that her memory was "somewhat selective," the testimony concerning the bottles was elicited on at least ten occasions. The possible prejudicial effect of the evidence exceeded any probative value that the evidence may have had. N.C.G.S. § 8C-1, Rule 402; N.C.G.S. § 8C-1, Rule 403.

BROWNING v. CAROLINA POWER & LIGHT CO.

[114 N.C. App. 229 (1994)]

**Am Jur 2d, Evidence § 260.**

Judge COZORT dissenting.

Appeal by plaintiffs from judgment entered 5 May 1992 by Judge Marvin K. Gray in Haywood County Superior Court. Heard in the Court of Appeals 19 October 1993.

The plaintiffs initiated this action on 28 January 1991 alleging the negligence of Tony L. Gregg and Carolina Power & Light Company (CP&L), his employer, in an automobile accident involving Plaintiff Pamela A. Browning, the minor child of the plaintiffs Glenn and Shelba Browning. Defendant Gregg was operating a CP&L vehicle at the time of the accident, and the minor plaintiff was a passenger in an automobile driven by Lorenda Kae Fisher. Miss Browning suffered severe injuries as a result of the collision.

The defendants in their answer denied the allegation of negligence. They responded that the negligence of the driver, Miss Fisher, was the proximate cause of the collision. The defendants alternatively pled the affirmative defense of sudden emergency in bar to the plaintiffs' claim. The defendants contended that Miss Fisher, rather than Defendant Gregg, crossed the center line into the defendant's lane of traffic. Miss Fisher was not joined in the action by either party.

After trial during the 27 April 1992 civil term, the jury concluded that the defendants were not negligent in causing the plaintiff's injuries. From this verdict, the plaintiffs appeal.

*Hyler & Lopez, PA, by George B. Hyler, Jr. and Robert J. Lopez, for plaintiff-appellants.*

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Larry McDevitt and Michelle Rippon, for defendant-appellee.*

ORR, Judge.

I.

[1] The plaintiffs first argue in their appeal to this Court that the trial court committed prejudicial error in failing to instruct the jury on joint and concurring negligence. They also argue that the court erred in giving the jury instructions on the doctrine of sudden emergency and no duty to anticipate the negligence of others. The record reveals that there was no objection to the

request for instruction on sudden emergency and no duty to anticipate the negligence of others, nor is there any authority supporting these assignments of error in the appellants' brief; they are therefore deemed abandoned and we decline to address them. However, we agree that the jury should have been charged on the legal principle of joint and concurring negligence and therefore reverse and remand for a new trial.

The record indicates that the substance of the defendant's case was that the automobile driven by Miss Fisher was the sole cause of plaintiff's injuries; therefore, that CP&L and its employee had no liability. The evidence offered at trial by the defendant attempted to show that the collision occurred in the defendant's lane of traffic; he swerved to avoid more extensive injuries to the passengers in the automobile, and he reacted non-negligently to the emergency created by the driver of the car. The plaintiff's evidence on the other hand attempted to establish that the accident took place in the plaintiff's lane and that the defendant responded in an unreasonable manner under the circumstances.

The defendants argue in their brief that the case was tried only on the issue of the defendant's negligence and that therefore the negligence, if any, of the driver of the vehicle in which the plaintiff was a passenger was not an issue for the jury in this trial. However, the record reveals that in the defendants' answer, they alleged that

[i]t is admitted that on the 6th day of July, 1988 the Volkswagon [sic] car which, it is believed to have been driven by Laurie Fisher, crossed the centerline of Highway 110 and struck and collided with a truck which was being lawfully driven and operated by Tony Lynn Gregg. It is further admitted that CP&L owned the truck which was operated by Gregg.

This allegation, as defendants' first defense, clearly put the other driver's negligence in issue.

Testimony at trial from various witnesses, including Defendant Gregg as well as the investigating highway patrol officer, repeatedly raised the issue of the position of the Volkswagen in relation to the position of the CP&L truck at the time of the collision. Both the pleadings and the evidence offered attempted to establish that the driver of the Volkswagen was negligent and in fact created a sudden emergency which was defendants' second defense.

In *Tillman v. Bellamy*, 242 N.C. 201, 205, 87 S.E.2d 253, 255 (1955), the North Carolina Supreme Court held:

> [T]he negligence of . . . plaintiff's driver, was put in issue in defendant's pleading and the evidence which was offered pursuant thereto. True this was done in the effort to show that [the driver of the plaintiff's automobile] . . . was the sole proximate cause of plaintiff's injury, but the evidence was equally available in support of the applicable principle of the concurring negligence of both drivers. As this constitutes a substantial and material phase of the case arising on the evidence, it was incumbent on the trial judge to submit it to the jury with appropriate instructions. Plaintiff did not see fit to sue [the driver], . . . nor did the defendant ask that he be made party defendant for the purpose of determining his contingent liability for contribution as joint tort-feasor, but the question of his negligence is raised by both pleading and evidence.

We find that the failure of the trial court to give the above charge to the jury was error and accordingly remand for a new trial consistent with the above opinion.

## II.

[2] We next address one evidentiary assignment of error which may recur in the new trial. The plaintiffs contend that the trial court erred in denying plaintiffs' motion *in limine* and in allowing defendants to introduce evidence of small bottles of "white lightning." We agree with plaintiffs on this issue.

Plaintiffs argue that the testimony regarding mini-bottles found by the investigating officer at the scene was irrelevant to the issues in the case and should have been excluded by Rule 401 of the North Carolina Rules of Evidence. Alternatively, they argue that the evidence was more prejudicial than probative, and should have been excluded by Rule 403. We agree that the possible prejudicial effect of the evidence exceeded any probative value that the evidence may have had.

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401 (1992). "All relevant evidence is admissible, . . . . Evidence which is not

relevant is not admissible." N.C.G.S. § 8C-1, Rule 402 (1992). "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.C.G.S. § 8C-1, Rule 403 (1992). In applying this well-settled litany to the facts at bar, we find not only that the evidence has very little probative value but also that any probative value that the evidence may have is clearly exceeded by the proscriptions of Rule 403.

Officer Sorrells testified that at the time of the accident, he looked through Miss Fisher's pocketbook searching for identification. In searching, he discovered two small bottles of liquor in her purse. He further testified on cross-examination that he had no reason to believe that alcohol consumption contributed to the accident. Miss Fisher testified that she did not remember anything about the accident. She also testified that she did not remember putting the bottles in her purse. The defendants assert that the evidence was offered for impeachment purposes—to show that Miss Fisher's memory was "somewhat selective." We find this argument to be without merit.

Our review of the record finds at least ten occasions where testimony was elicited concerning the bottles in her purse. While it is true that some evidence may be relevant for impeachment purposes, it is also true that it may be incompetent for other purposes and "[w]hen there is a highly prejudicial likelihood that the jury will give the evidence controlling, or at least significant, weight on the issue as to which it is incompetent, a limiting instruction would be ineffectual and the evidence should be excluded." K. Broun, *Brandis & Broun on North Carolina Evidence* § 83 (1993).

We find it unnecessary to review the plaintiffs' remaining assignments of error brought forward in their brief. For the above stated reasons, they are entitled to a new trial consistent with the above opinion.

Reversed and remanded for a new trial.

Judge EAGLES concurs.

Judge COZORT dissents in a separate opinion.

STATE FARM MUT. AUTOMOBILE INS. CO. v. BRANCH

[114 N.C. App. 234 (1994)]

Judge COZORT dissenting.

I dissent because I find no error in the trial court's rulings on both issues addressed in the majority opinion.

First, I find the trial court did not err in failing to instruct on joint and concurring negligence. This case is distinguishable from *Tillman v. Bellamy*, 242 N.C. 201, 87 S.E.2d 253 (1955), relied on by the majority. In *Tillman*, the negligence of the plaintiff's driver was "put in issue in defendant's pleading and in the evidence which was offered pursuant thereto." *Id.* at 205, 87 S.E.2d at 255. The pleadings of defendant below raise no such issue, and it would have been error to instruct on an issue not raised by the pleading and the evidence.

Second, I do not find the evidence concerning the liquor bottles, even if error, was so prejudicial that a new trial is required.

I vote no error.